# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                                  Chapter 7

143-30 SANFORD AVE LLC,                                            Case No.: 23-43812-nhl

                      Debtor.
----------------------------------------------------------x

**ORDER: (I) APPROVING A STIPULATION AMONG THE CHAPTER 7 TRUSTEE, SANFORD FUNDING LLC AND GERARD A. GEISWELLER, ESQ.; (II) AUTHORIZING THE SALE OF THE DEBTOR'S REAL PROPERTY; (II) SCHEDULING A PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (IV) APPROVING TERMS AND CONDITIONS OF SALE TO GOVERN THE PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (V) APPROVING THE FORM AND MANNER OF NOTICE OF THE PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (VI) SCHEDULING A HEARING TO CONFIRM THE RESULTS OF THE PUBLIC AUCTION SALE; AND (VII) WAIVING THE 14-DAY STAY PERIOD**

Upon that portion of the motion ("Authorization Motion")[1] of Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 143-30 Sanford Ave LLC ("Debtor"), seeking entry of an Order: (i) approving a stipulation among the Trustee, Sanford Funding LLC and Gerard A. Geisweller, Esq. ("Stipulation"); (ii) authorizing the sale of the Debtor's real property and improvements located at 143-30 Sanford Avenue, Flushing, New York 11355 ("Property"); (iii) scheduling a public auction sale of the Property for Thursday, August 8, 2024 at 10:30 a.m. ("Sale"); (iv) approving the proposed Terms and Conditions of Sale to govern the Sale; (v) approving the form and manner of notice of the Sale; (vi) scheduling a hearing to confirm the results of the Sale; and (vii) waiving the 14-day stay period; and upon the Order scheduling a hearing ("Scheduling Order") for _____, 2024 at [TIME] ("Hearing"); and upon the Affidavit of Service evidencing proof of service of the Motion and Scheduling Order; and upon

---

[1]      Unless otherwise defined herein, capitalized terms shall have the same meanings ascribed to them in the Procedures Motion.

1

the record of the Hearing; and no objections having been filed to the Authorization Motion; and after due deliberation and good cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT**:[2]

A.  This Court has jurisdiction over the Authorization Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Authorization Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Good and sufficient notice of the relief sought in the Authorization Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Authorization Motion has been afforded to interested persons and entities, including: (i) the Debtor; (ii) Sanford Funding LLC ("Lender"), though counsel; (iii) Gerard A. Geisweller, Esq.; (iv) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (v) all known creditors of the Debtor; and (vi) known parties who have asserted a lien or interest in the Property (collectively, "Notice Parties").

C.  The Stipulation was negotiated at arm's-length and in good faith.

D.  The settlement set forth in the Stipulation falls above the lowest point in the range of reasonableness.

E.  The proposed Notice of Sale is good, appropriate, adequate, and sufficient, and service on the Notice Parties is reasonably calculated to provide all interested parties timely and proper notice of the Sale, and no other or further notice of the Sale is required.

---

[2]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. See FED. R. BANKR. P. 7052.

F.   The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Authorization Motion, including this Court's approval of the Terms and Conditions of Sale and the form and manner of service of the Notice of Sale.

G.   The Trustee has articulated good and sufficient reasons for, and the best interests of the Debtor's estate will be served by, this Court scheduling a Sale Approval Hearing to consider whether to grant the remainder of the relief requested in the Authorization Motion.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Stipulation, a copy of which is annexed hereto as Exhibit A, is approved in its entirety.

2. The Trustee is authorized to sell the Property in accordance with the Stipulation.

3. The Terms and Conditions of Sale, substantially in the form annexed to the Authorization Motion as Exhibit C, are hereby approved.

4. The Sale of the Property will be conducted by Zoom (or other virtual platform) on Tuesday, June 25, 2024 at 10:30 a.m. (Eastern), or such other later date or time as the Trustee deems appropriate.

5. The Highest Bidder or, as applicable, the Second Highest Bidder (other than the Lender) shall be solely responsible to pay the commissions of the Trustee's retained broker, MYC & Associates, Inc., the amount of four (4%) percent of the amount bid by the Highest Bidder or, as applicable, the Second Highest Bidder at the Sale.

6. The Trustee is authorized to take any and all actions necessary or appropriate to implement the Sale.

7. All objections to entry of this Order or to the relief provided herein and requested in the Authorization Motion that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled in their entirety.

## SALE APPROVAL HEARING

8. The Sale Approval Hearing shall be held before this Court on **June 27, 2024 at 10:30 a.m.**

9. The Sale Approval Hearing may be adjourned by the Trustee by filing a notice with this Court and serving such notice on the Notice Parties.

## NOTICE

10. The Notice of Sale, substantially in the form annexed to the Authorization Motion as Exhibit D, is hereby approved.

11. The Trustee shall cause notice of the Sale to be published at least once in an appropriate publication pursuant to Bankruptcy Rule 2002(l).

12. The notice as set forth in the preceding paragraphs shall provide good and sufficient notice of the Sale and the Sale Approval Hearing and no other or further notice of the Sale or the Sale Approval Hearing shall be necessary or required.

## ADDITIONAL PROVISIONS

13. Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof.

14. The Trustee is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order.

15. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.