# **EXHIBIT C**

# TERMS AND CONDITIONS OF SALE

1. These Terms and Conditions of Sale are promulgated in connection with the public sale ("Sale") of the real property and improvements known as and located at 143-30 Sanford Avenue, Flushing, New York 11355 ("Property").

2. The Sale will be conducted on **Tuesday, June 25, 2024 at 10:30 a.m. (Eastern)**. The Sale will be conducted by Zoom (or other virtual platform) (instructions to be provided separately in advance of the Sale).

3. The seller of the Property is Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 143-30 Sanford Ave LLC ("Debtor"). The Debtor's Chapter 7 bankruptcy case is pending in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") under case no.: 23-43812-nhl.

4. The Property is encumbered by first priority liens of Sanford Funding LLC ("Lender"), including, without limitation, a mortgage ("Mortgage") held by the Lender. The Lender is represented by Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, New York 10036. The Trustee and the Lender entered into a certain stipulation of settlement, which, among other things, allowed the Lender's secured claim ("Lender Stipulation").

5. The Sale is being conducted pursuant to an Order of the Bankruptcy Court dated _____, 2024 ("Authorization Order") and sections 363 (b), (d), (f) and (m) of title 11 of the United States Code ("Bankruptcy Code"), free and clear of all Interests (as defined below in paragraph 19(b)).

6. In accordance with the Authorization Order and the Lender Stipulation, the Lender may credit bid for the Property at the Sale pursuant to section 363(k) of the Bankruptcy Code. The Lender: (a) shall in all events be deemed a qualified bidder at the Sale and be permitted to bid at the Sale; (b) shall not be required to pay a Qualifying Deposit (as defined below in ¶7) or any other Deposit (as defined below in ¶11) of any kind whatsoever, and (c) shall not be required to pay a Buyer's Premium (as defined below in ¶10).

7. To register for the Sale and bid on the Property, **by 5:00 p.m. on Monday, June 24, 2024**, each prospective bidder (other than the Lender) must deliver to the Trustee: (a) a certified or bank check drawn of the account of such bidder and payable to "Lori Lapin Jones, as Trustee" in the amount of five hundred thousand dollars ($500,000) ("Qualifying Deposit"), which amount shall serve as a good faith deposit against payment of the purchase price for the Property; and (b) these Terms and Conditions of Sale, executed by such prospective bidder. The Trustee reserves the right to reject any bidder (other than the Lender) who, in the sole discretion of the Trustee, the Trustee believes is not financially capable of consummating the purchase of the Property.

8. At the conclusion of the Sale, the first highest bidder ("Highest Bidder") and the second highest bidder ("Second Highest Bidder") for the Property must also execute, and thereby agree to be bound by, a Memorandum of Sale in the form annexed hereto.

9. At the conclusion of the Sale, the Trustee or her representative will return the Qualifying Deposits to all bidders except the Highest Bidder and the Second Highest Bidder. The Second

Highest Bidder's Qualifying Deposit will be returned within two business days after the Highest Bidder posts the entire Deposit (as defined below in ¶11).

10. In accordance with the Authorization Order, the Highest Bidder or, as applicable, the Second Highest Bidder (other than the Lender) shall be solely responsible to pay the Trustee's retained broker, MYC & Associates, Inc., four (4%) percent of the amount bid by the Highest Bidder or, as applicable, the Second Highest Bidder at the Sale (such percentage amount being the "Buyer's Premium"). The sum of the amount bid at the Sale and the Buyer's Premium is defined herein as the "Purchase Price".

11. **By 5:00 p.m. on Wednesday, June 26, 2024**, the Highest Bidder (other than the Lender) shall deliver to the Trustee, by certified check, bank check, or wire transfer drawn on an account of the Highest Bidder an amount equal to 10% of the Purchase Price minus the amount of the Qualifying Deposit, as and for a good faith deposit (such amount, plus the Qualifying Deposit, hereinafter "Deposit").

12. The Highest Bidder (other than the Lender) must pay the balance of the Purchase Price to the Trustee, by wire transfer drawn on an account of the Highest Bidder at the closing of title to the Property ("Closing").

13. The Highest Bidder must close title to the Property on or before **3:00 p.m. on Tuesday, July 23, 2024** ("Closing Date"), **TIME BEING OF THE ESSENCE as to the Highest Bidder**, although such date may be extended solely by the Trustee with the consent of the Lender, which shall not be unreasonably withheld. The Closing shall take place on or before the Closing Date at the offices of the attorneys for the Trustee, LaMonica Herbst & Maniscalco LLP, 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793 or by mail, as elected by the Trustee.

14. Real estate taxes, water and sewer charges, and rent/use and occupancy (only to the extent actually received by or on behalf of the Debtor's estate) will be apportioned as of 12:00 a.m. on the Closing Date. There will be no other apportionments pertaining to the Property.

15. The Highest Bidder shall pay, on the Closing Date, any and all city, county, state or other transfer taxes incurred by or in connection with the transfer of the Property.

16. In connection with the Closing and Closing Date, the Highest Bidder is hereby given notice that **TIME IS OF THE ESSENCE against the Highest Bidder and the failure of the Highest Bidder to close for any reason whatsoever (except as otherwise provided below), including its failure to pay the balance of the Purchase Price on the Closing Date, will result in the Trustee retaining the Deposit and the termination of the Highest Bidder's right to acquire the Property under these Terms and Conditions of Sale**. The Trustee's right to retain the monies paid including, without limitation, the Deposit, is not a penalty but rather liquidated damages and it is hereby agreed and acknowledged by the parties hereto that the amount of damages sustained by the Trustee are difficult to determine and the liquidated damages set forth herein are reasonable under the circumstances. The Highest Bidder shall be obligated to close title to the Property and there is no contingency of any kind or nature that will permit the Highest Bidder to cancel or avoid its obligation under these Terms and Conditions of Sale other than the Trustee's inability to deliver insurable title to the Property. Further, the Highest Bidder shall have demonstrated, to the sole

2

satisfaction of the Trustee, evidence of its ability to conclude the transaction upon these Terms and Conditions of Sale without delay. **Expenses incurred by the Highest Bidder, or any competing bidder, including concerning any due diligence, such as obtaining title reports, shall be the sole responsibility of such bidder and under no circumstances shall the Trustee, the estate or the Trustee's professionals be responsible for, or pay, such expenses**.

17. In the event that the Highest Bidder for the Property fails to tender the payment of the balance of the Purchase Price on the Closing Date, or otherwise perform any of its obligations under these Terms and Conditions of Sale, the Trustee, at her sole option with the consent of the Lender, which shall not be unreasonably withheld, shall be authorized to sell the Property to the Second Highest Bidder without any further notice, without giving credit for any Deposit forfeited by the Highest Bidder, and upon such other terms and conditions as the Trustee deems appropriate in consultation with the Lender. Should the Second Highest Bidder fail to close on the Property within such time as the parties may agree but not to exceed 45 days after notice from the Trustee to the Second Highest Bidder, the Trustee shall be authorized to sell the Property to the next highest or best bidder, without the necessity of any further notice. In either event, the Second Highest Bidder or the next highest or best bidder shall be deemed to be "Highest Bidder" under these Terms and Conditions of Sale and shall be bound by these Terms and Conditions of Sale.

18. The Trustee and her professionals, including the Trustee's retained broker, MYC & Associates, Inc., have not made, and do not make, any representations or warranties of any kind, including, but not limited to, as to the physical condition, expenses, operations, leases, rents, tenancies, value of the land or buildings thereon, or any other matter or thing affecting or related to the Property that might be pertinent to the purchase of the Property, and including, without limitation: (a) the current or future real estate tax liability, assessment or valuation of the Property; (b) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (c) the compliance or non-compliance of the Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to obtain a change in the zoning or use, or a variance in respect to the Property; (d) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (e) the current or future use of the Property; (f) the present and future condition and operating state of any and all machinery or equipment on the Property and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (g) the ownership or state of title of any personal property on the Property; (h) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (i) any present or future issues concerning subdivision or non-subdivision of the Property; or (j) the compliance or non-compliance with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere on the Property. Each bidder hereby expressly agrees and acknowledges that no such representations or warranties have been made. The Trustee and her professionals, including the Trustee's retained broker, MYC & Associates, Inc., are not liable for or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Property, or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent the Trustee unless such warranties, guaranties, promises,

statements, representations or information are expressly and specifically set forth in writing by the Trustee.

19. The Property is being sold:

(a) "**AS IS**" "**WHERE IS**", "**WITH ALL FAULTS,**" without any representations, covenants, guarantees or warranties of any kind or nature whatsoever;

(b) free and clear of any and all monetary interests of whatever kind or nature including, but not limited to, liens, claims, encumbrances, monetary fines or penalties for violations, judgments and/or mortgages (collectively, "Interests"), with such Interests, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the entry of the Order for Relief against the Debtor; and

(c) subject to, among other things:

(i) any occupancies and/or tenancies;

(ii) any state of facts that an accurate survey may show;

(iii) any state of facts a physical inspection may show;

(iv) any covenants, restrictions and easements of record;

(v) any building or zoning ordinances or other applicable municipal regulations and violations thereof;

(vi) environmental conditions; and

(vii) the conditions giving rise to any and all non-monetary violations existing on the Property as of the Closing Date.

20. By delivering Qualifying Deposits, each bidder acknowledges that it has had the opportunity to review the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on its own independent investigation of the Property in making its bids. Neither the Trustee nor any of her representatives, including the Trustee's retained broker, MYC & Associates, Inc., make any representations or warranties with respect to the permissible uses of the Property, including, but not limited to, the zoning of the Property. Each bidder acknowledges that it has conducted its own due diligence in connection with the Property and is not relying on any information provided by the Trustee and her professionals.

21. The Trustee shall convey the Property by delivery of a Trustee's Deed. The quality of title shall be that which any reputable title insurance company authorized to do business in the State of New York is willing to approve and insure. The Trustee may at her option arrange for the issuance of a title insurance policy by such a company at the Highest Bidder's sole cost and expense.

22. Any notices to the Highest Bidder, Second Highest Bidder or the Trustee hereunder shall be sufficient if sent by email to: (a) counsel for such party; or (b) to such party, and shall be deemed given on the date sent.

23. Signatures delivered by electronic mail or facsimile shall have the same force and effect as original signatures.

24. Except as may be authorized by an Order of the Bankruptcy Court, neither the Trustee nor the estate are liable or responsible for the payment of fees of any broker for any bidder including, but not limited to, the Highest Bidder.

25. Nothing contained in these Terms and Conditions of Sale is intended to supersede or alter any provisions of the Lender Stipulation, the Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court. The Lender and the Trustee shall retain all of their respective rights under the Lender Stipulation. Without limiting the foregoing, if the Lender (or its designee) is the Highest Bidder or the Second Highest Bidder and takes title to the Property, the Lender's Mortgage on the Property shall not merge with any deed to the Property granted by the Trustee to the Lender (or its designee). All of the terms and conditions set forth in these Terms and Conditions of Sale are subject to modification as may be directed by the Trustee or by the Bankruptcy Court. The Trustee reserves the right to modify these Terms and Conditions of Sale at the Sale or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Bankruptcy Court.

26. These Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the Sale of the Property. By making a bid for the Property, each bidder will be deemed to have acknowledged having read these Terms and Conditions of Sale and agreed to be bound by them.

27. If the Trustee is unable to deliver title to the Property in accordance with these Terms and Conditions of Sale for any reason whatsoever, her only obligation will be to refund the Deposit to the Highest Bidder (or the Second Highest Bidder) and, upon such refund, the Highest Bidder (or the Second Highest Bidder) shall not have any claim or recourse whatsoever against Property or the Trustee, the Debtor's estate, the Trustee's professionals, or the Lender.

28. The Trustee reserves the right to withdraw the Property from the Sale, either prior or subsequent to the Sale, for any reason whatsoever, as she deems necessary or appropriate.

29. The Sale of the Property is subject to confirmation by the Trustee. Prior to the Closing, the Bankruptcy Court may enter an Order confirming the results of the Sale.

30. Each bidder represents and warrants that it is capable of performing its obligations under these Terms and Conditions of Sale and has the financial wherewithal to perform its obligations under these Terms and Conditions of Sale.

31. Except as disclosed below, each bidder represents and warrants that it has no connections to the Debtor, the Debtor's member (Vincent Garofalo), the Lender, the Trustee and/or the Trustee's professionals and that is has never been affiliated in any manner whatsoever, or held any interest in, the Debtor:

_____

_____

_____

32. The Bankruptcy Court shall determine any disputes concerning the Sale of the Property. By participating in the Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes.

I have read these Terms and Conditions of Sale and agree to be bound by them.

Dated: _____, 2024

Bidder Name:

_____
PRINT NAME

_____
SIGNATURE

_____
TITLE (if entity)

| Bidder contact information: | Attorney name and contact information (if any): |
|---|---|
| _____<br>ADDRESS | _____<br>NAME |
| _____<br>EMAIL | _____<br>FIRM |
| _____<br>TELEPHONE | _____<br>EMAIL |
|  | _____<br>TELEPHONE |

## **MEMORANDUM OF SALE- HIGHEST BIDDER**

The undersigned has this ___ day of June 2024, agreed to purchase the real property and improvements located at 143-30 Sanford Avenue, Flushing, New York 11355 ("Property"), vested in Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of 143-30 Sanford Ave LLC, and being sold for the sum of $_____, and hereby promise and agree to comply with the terms and conditions of the sale of said property, as set forth in the annexed Terms and Conditions of Sale.

_____  _____
PRINT NAME OF PURCHASER          PRINT NAME OF PURCHASER

_____  _____
PURCHASER SIGNATURE              PURCHASER SIGNATURE

_____  _____
PURCHASER TITLE (if entity)      PURCHASER TITLE (if entity)

_____  _____
ADDRESS                          ADDRESS

_____  _____
E-MAIL                           E-MAIL

_____  _____
TELEPHONE NUMBER                 TELEPHONE NUMBER

_____  _____
FAX NUMBER                       FAX NUMBER

**ATTORNEY INFORMATION**
Name:     _____
Address:  _____
E-Mail:   _____
Phone:    _____

This verifies that the highest bid in the above sale was for the sum of $_____ and received from _____ the sum of $_____, as a non-refundable deposit for the purchase of the Property pursuant to the Terms and Conditions of Sale.

_____
Lori Lapin Jones, Chapter 7 Trustee
c/o LaMonica Herbst & Maniscalco LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500 Phone
(516) 826-0222 Fax

# MEMORANDUM OF SALE - SECOND HIGHEST BIDDER

The undersigned has this ___ day of June 2024, agreed to purchase the real property and improvements located at 143-30 Sanford Avenue, Flushing, New York 11355 ("Property"), vested in Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of 143-30 Sanford Ave LLC, and being sold for the sum of $_____, and hereby promise and agree to comply with the terms and conditions of the sale of said property, as set forth in the annexed Terms and Conditions of Sale.

_____    _____
PRINT NAME OF PURCHASER            PRINT NAME OF PURCHASER

_____    _____
PURCHASER SIGNATURE                PURCHASER SIGNATURE

_____    _____
PURCHASER TITLE (if entity)        PURCHASER TITLE (if entity)

_____    _____
ADDRESS                            ADDRESS

_____    _____
E-MAIL                             E-MAIL

_____    _____
TELEPHONE NUMBER                   TELEPHONE NUMBER

_____    _____
FAX NUMBER                         FAX NUMBER

**ATTORNEY INFORMATION**

Name:     _____
Address:  _____
E-Mail:   _____
Phone:    _____

This verifies that the second highest bid in the above sale was for the sum of $_____ and received from _____ the sum of $_____, as a non-refundable deposit for the purchase of the Property pursuant to the Terms and Conditions of Sale.

_____
Lori Lapin Jones, Chapter 7 Trustee
c/o LaMonica Herbst & Maniscalco LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500 Phone
(516) 826-0222 Fax