# **EXHIBIT E**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------x
Sanford Funding LLC

                                          Plaintiff,

                   -against-

143-30 Sanford Ave LLC, Vincent Garofalo, New York City Environmental Control Board, Commissioner of Labor State of New York, Thermal Profiles, Inc., Criminal Court of the City of New York, Department of Housing Preservation and Development of the City of New York,

John Doe #1 through John Doe #20 (Said names being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, including, without limitation, tenants or other occupants who may have some interest in or lien upon the Premises subordinate to the lien of the Plaintiff's mortgage sought to be foreclosed herein),

                                         Defendants
------------------------------------------------------------------------x

Index No. 709057/2021

**NOTICE OF ENTRY**

      PLEASE TAKE NOTICE that the within is a true copy of an order entered in the office of the clerk of the within named Court, at 88-11 Sutphin Boulevard Jamaica, NY 11435 on September 30, 2022.

Dated:      Whitestone, New York
                October 5, 2022

Borchert, & LaSpina, P.C.

By: /s/ Jason Sackoor
    Jason Sackoor, Esq.
    Attorneys for Plaintiff
    *Sanford Funding LLC*
    19-02 Whitestone Expressway, Suite 302
    Whitestone, New York 11357
    (718) 767-3333

TO:

Gerard A. Geisweller, Esq.
Mattone Mattone Mattone LLP
134-01 20th Avenue
College Point, NY 11356

143-30 Sanford Ave LLC
143-30 Sanford Avenue
Flushing, NY 11355

Vincent Garofalo
158-15 Cross Island Parkway
Whitestone, NY 11357

New York City Environmental Control Board
100 Church Street, 1st Floor
New York, NY 10007

Commissioner of Labor State of New York
W.A. Harriman Campus, Building 12
Albany, NY 12227

Thermal Profiles, Inc.,
c/o Milton Milbauer
100 Dupont St.
Plainview, NY 11803

Criminal Court of the City of New York
120-55 Queens Boulevard
Queens, NY 11424

Department of Housing Preservation and
Development of the City of New York
100 Church Street, Room 3-118
New York, NY 10007
Attn: Joy Anakhu, Esq.

Chenh Long S/H/A John Doe #2 in Apartment 5M
143-30 Sanford Avenue,
Flushing NY 11355

Han Zhang S/H/A John Doe #1 in Apartment 5M
143-30 Sanford Avenue,
Flushing NY 11355

Milagro Arivalo S/H/A Jane Doe #1 in Apartment 1H
143-30 Sanford Avenue,
Flushing NY 11355

Elisa Arivalo S/H/A Jane Doe #2 in Apartment 1H
143-30 Sanford Avenue,
Flushing NY 11355

Michael Perez S/H/A John Doe in Apartment 5E
143-30 Sanford Avenue,
Flushing NY 11355

Marian Zurita S/H/A Jane Doe in Apartment 4L
143-30 Sanford Avenue,

3

Flushing NY 11355

Ian Montija S/H/A John Doe in Apartment 3J
143-30 Sanford Avenue,
Flushing NY 11355

Paola Montija S/H/A John Doe in Apartment 3J
143-30 Sanford Avenue,
Flushing NY 11355

Lisette Soto S/H/A Jane Doe in Apartment 2L
143-30 Sanford Avenue,
Flushing NY 11355

Jane Doe in Apartment 1E
143-30 Sanford Avenue
Flushing NY 11355

Victor Benitez S/H/A John Doe in Apartment 1E
143-30 Sanford Avenue,
Flushing NY 11355

Frank Bruno, Jr., Esq.,
Referee
69-09 Myrtle Avenue
Glendale, NY 11385

FILED
10/4/2022
COUNTY CLERK
QUEENS COUNTY

SEQUENCE NO. 3

At IAS Part 12 of the Supreme Court of the State of New York, held in and for the County of Queens at the courthouse thereof located at 88-11 Sutphin Blvd., Jamaica, New York, on the 30th day of September , 2022.

P R E S E N T :

    Honorable <u>Denis J. Butler</u>
                        Justice.

---------------------------------------------------------------X

Sanford Funding LLC,

                        Index No.: 709057/2021

                        Plaintiff,

                    -against-

143-30 Sanford Ave LLC, Vincent Garofalo, New York City Environmental Control Board, Commissioner of Labor State of New York, Thermal Profiles, Inc., Criminal Court of the City of New York, Department of Housing Preservation and Development of the City of New York,

John Doe #1 through John Doe #20 (Said names being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, including without limitation, tenants or other occupants who may have some interest in or lien upon the Premises subordinate to the lien of the Plaintiff's mortgage sought to be foreclosed herein            Defendants.

---------------------------------------------------------------X

**ORDER APPOINTING TEMPORARY RECEIVER IN MORTGAGE FORECLOSURE ACTION**

**Mortgaged Premises:**
143-30 Sanford Avenue
Flushing, NY 11355
Block: 5183
Lot: 20
County of Queens

Upon the summons and complaint herein, filed in the Office of the Clerk of the County of Queens on April 15, 2021, upon reading and filing the affirmation of Jason Sackoor, Esq. dated March 7, 2022 and it appearing to the satisfaction of the Court that this action is brought to foreclose a mortgage lien upon certain premises situate in Queens County; that in and by said mortgage lien it was covenanted that in any action to foreclose the mortgage, the mortgagee should be at liberty immediately upon commencement of proceedings for the foreclosure of said mortgage to apply for the appointment of a Receiver of the rents and profits of said mortgaged premises without notice, and that the mortgagee should be entitled to the appointment of such Receiver as a matter of right, without consideration of the value of the mortgaged premises or the solvency of any person or persons liable for the payment of such amounts; that said mortgage lien is a first mortgage lien and is in default for multiple breaches of the mortgage documents as more fully set forth in the verified complaint heretofore filed herein and upon which the principal sum of $8,750,000.00 plus interest and other charges thereon is due; that said mortgaged premises is occupied by tenants and has a substantial rental value, and that the appointment of a Receiver of the rents and profits of said premises is necessary for the protection of the plaintiff;

NOW, on motion of Borchert & LaSpina, P.C., attorneys for the plaintiff,

AND, this matter having been called to be heard, and there being no opposition thereto,

AND, this court having granted plaintiff's motion by memorandum dated August 12, 2022 and entered on August 15, 2022, a copy of which is annexed hereto and made a part hereof, it is

**ORDERED**, that ___Gerard A. Geisweller, Esq.___ of MATTONE, MATTONE, MATTONE LLP 134-01 20th Avenue, College Point, NY 11356 ___718-353-8880___ be and he hereby is appointed, with the usual powers and directions, Temporary Receiver for the benefit of the Plaintiff of all the rents and profits now due and unpaid or to become due during the pendency of this action and issuing out of the mortgaged premises mentioned in the complaint, more particularly and commonly described in Schedule "A" annexed hereto and known as and by street 143-30 Sanford Avenue, Flushing, NY; and it is further

**ORDERED**, that the Receiver is authorized to forthwith take charge and enter into possession of the property; and it is further

**ORDERED**, that before entering upon his duties, said Temporary Receiver shall be sworn to fairly and faithfully discharge the duties committed to him and shall execute to the People of the State of New York and file with the Clerk of this Court an undertaking in the penal sum of $ ($1,000,000.00) One Million Dollars, conditioned for the faithful discharge of his duties as such Temporary Receiver; and it is further

*MB*
J.S.C.

**ORDERED**, that said Temporary Receiver be and hereby is directed to demand, collect and receive from the occupants, tenants, and licensees in possession of said premises, or other persons liable therefore, inclusive of the mortgagor, all the rents and license fees thereof now due and unpaid or hereafter to become fixed or due; and that said Temporary Receiver be and is hereby authorized to institute and carry on all legal proceedings necessary for the protection of said premises or to recover possession of the whole, or any part thereof, and/or apply to the Court to fix reasonable rental value and license fee value and to compel the tenants and occupant(s) to attorn to the Receiver; and it is further

4

**ORDERED**, the Receiver may institute and prosecute suits for the collection of rent, license fees and other charges now due or hereafter to become due or fixed, and summary proceedings for the removal of any tenant or tenants or licensees or other persons therefrom; and it is further

**ORDERED**, that pursuant to the provisions of the General Obligations Law Section 7-105, anybody holding any deposits or advances of rental as security under any lease or license agreement affecting space in the premises affected by this action shall turn same over to said Temporary Receiver within five (5) days after said Temporary Receiver shall have qualified; and thereupon the said Temporary Receiver shall hold such security subject to such disposition thereof as shall be provided in an Order of this Court to be made and entered in this action; and it is further

**ORDERED**, that anybody in possession of same shall turn over to said Temporary Receiver all rent lists, orders, unexpired and expired leases, agreements, correspondence, notices and registration statements, relating to rental space or facilities in the premises; and it is further

5

**ORDERED**, that notwithstanding anything to the contrary contained in this order, the receiver shall not, without the further, prior order of this Court, upon prior notice to plaintiff, make improvements or substantial repairs to the property at a cost in excess of $1,000; and it is further

**ORDERED**, that said Temporary Receiver forthwith deposit all monies received by him at the time he receives the same in his own name as Temporary Receiver in <u>First Central Saving Bank, 19-19 Francis Lewis Boulevard, Whitestone, NY 11357 (718-352-7100)</u> and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Temporary Receiver and countersigned by the surety on his undertaking; the Receiver shall furnish the Plaintiff's attorneys with monthly statements of the receipts and expenditures of the Receivership, together with a photocopy of the monthly statements received from said depository; and it is further

**ORDERED**, that the said Temporary Receiver be and is authorized from time to time to rent or lease any part of the premises for terms not exceeding one (1) year or such longer terms as may be required by the City and State of New York; to keep said premises insured against loss by

J.S.C.

damage or fire; to pay the taxes, assessments, water rates, sewer rents, vault rents, salaries of employees, supplies and other charges; to comply with all lawful requirements of any municipal department or other authority of the municipal department or other authority of the municipality in which the mortgaged premises are situated; and to procure such fire, plate glass, liability and other insurance as may be reasonably necessary; and it is further

**ORDERED**, that the tenants, licensees or other persons in possession of said premises attorn to said Temporary Receiver and pay over to said Temporary Receiver all rents and license fees and other charges of such premises now due and unpaid, or that may hereafter become due; and that the defendants be enjoined and restrained from collecting the rents, license fees and other charges of said premises and from interfering in any manner with the property or its possession; and from transferring, removing or in any way disturbing any of the occupants or employees; and that all tenants, occupants, employees and licensees of the premises and other persons liable for the rents be and hereby are enjoined and restrained from paying any rent or license fees or other

charges for such premises to the defendants, their agents, servants or attorneys; and it is further

**ORDERED**, that the Receiver is prohibited from incurring obligations in excess of the monies in his hands without further Order of this Court or written consent of the Plaintiff's attorney; and it is further

**ORDERED**, that the Owner turn over to the Receiver all rents collected from and after the date of this Order; and it is further

**ORDERED**, that all persons now or hereafter in possession of said premises, or any part thereof, and not holding such possession under valid and existing leases or tenancies do forthwith surrender such possession to said Receiver, subject to emergency laws, if any; and it is further

**ORDERED**, that said Receiver after paying the expenses of the management and care of the said premises as above provided retain the balance of the monies which may come into his hands until the sale of the said premises under the judgment to be entered in this action and/or until the further Order of the Court; and it is further

ORDERED, that said Receiver, or any party hereto, may at any time, on proper notice to all parties who may have appeared in this action, apply to this Court for further or other instructions or powers necessary to enable said Receiver properly to fulfill his duties; and it is further

ORDERED, that the appointee named herein shall comply with Section 35a of the Judiciary Law and Sections 6401-6404 of the CPLR, Section 1325 of the RPAPL and Rule 36 of Chief Judge.

**NOT WITHSTANDING ANY OTHER PROVISION OF THIS ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT AN ATTORNEY, AGENT, APPRAISER, AUCTIONEER OR ACCOUNTANT WITHOUT PRIOR ORDER OF THIS COURT.**

E N T E R:

_____
Hon. Denis J. Butler, J.S.C.



FILED
10/4/2022
COUNTY CLERK
QUEENS COUNTY

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
Sanford Funding LLC,

                        Plaintiff,

                     - against -

143-30 Sanford Ave LLC, Vincent Garofalo, New York City Environmental Control Board, Commissioner of Labor State of New York, Thermal Profiles, Inc., Criminal Court of the City of New York, Department of Housing Preservation and Development of the City of New York.

John Doe #1 through John Doe #20 (Said names being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, including, without limitation, tenants or other who may have some interest in or lien upon the Premises subordinate to the lien of the Plaintiff's mortgage sought to be foreclosed herein),

                        Defendants.
-----------------------------------------------------------------X

Index No. 709057/2021

**NOTICE OF SETTLEMENT**

**PLEASE TAKE NOTICE,** that the attached Order will be presented for settlement and signature to Hon. Denis J. Butler, at the Courthouse, 88-11 Sutphin Boulevard, Jamaica, New York on August 31, at 9:30 AM.

Dated:    Whitestone, New York
               August 16, 2022

Borchert & LaSpina, P.C.

By: _____
Jason Sackoor, Esq.
*Attorneys for Plaintiff*
19-02 Whitestone Expressway
Whitestone, NY 11357
(718) 767-3333

TO:
143-30 Sanford Ave LLC
143-30 Sanford Avenue
Flushing, NY 11355

Vincent Garofalo
158-15 Cross Island Parkway
Whitestone, NY 11357

**No other parties have appeared in this action and, thus, no other parties are entitled to notice.**

FILED: QUEENS COUNTY CLERK 10/05/2022 09:08 AM
NYSCEF DOC. NO. 89
INDEX NO. 709057/2021
RECEIVED NYSCEF: 10/05/2022

FILED: QUEENS COUNTY CLERK 08/15/2022 11:49 AM
NYSCEF DOC. NO. 84
INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2022

MEMORANDUM

SUPREME COURT : QUEENS COUNTY
IAS PART 12

------------------------------------------x
SANFORD FUNDING LLC,

                Plaintiff,

    -against-

143-30 Sanford Ave LLC, Vincent Garofalo
New York City Environmental Control
Board, Commissioner of Labor State of
New York, Thermal Profiles, Inc.,
Criminal Court of the City of New York,
Department of Housing Preservation and
Development of the City of New York,

John Doe #1 through John Doe #20
(Said names being fictitious, it being
the intention of plaintiff to designate
any and all occupants of premises being
foreclosed herein, including, without
limitation, tenants or other occupants
who may have some interest in or lien
upon the premises subordinate to the
lien of the plaintiff's mortgage sought
to be foreclosed herein),

                Defendants.
------------------------------------------x

Index Number: 709057/2021

Motion Date: May 31, 2022

Motion Seq. No.: 003

FILED
8/15/2022
COUNTY CLERK
QUEENS COUNTY

    The following papers were read on this Order to Show Cause by plaintiff for an order pursuant RPAPL 254 [10], appointing a receiver for property known and located at 143-30 Sanford Avenue, Flushing, NY 11355, Block 5183, Lot 20 ("Premises").

|  | Papers Numbered |
|---|---|
| Order to Show Cause, Affirmation, Exhibits | E60-71 |
| Affirmation In Opposition, Exhibits | E |
| Reply Affirmation | E |

Upon the foregoing papers, it is ordered that this unopposed motion is determined as follows:

CPLR 6401 provides that a temporary receiver of property may be appointed where there is a danger that the property will be removed from the state, or lost, materially injured or destroyed. The appointment of a temporary receiver is a drastic remedy that should be invoked only where necessary for the protection of the parties (*Armienti v Brooks*, 309 AD2d 659, 661 [1st Dept 2003]; *Emblem v Juras*, 112 AD2d 134, 135 [2d Dept 1985]). Indeed, it has been held that courts should "exercise extreme caution in the appointment of receivers, which should never be made until a proper case has been clearly established" (*Di Bona v General Rayfin Ltd.*, 45 AD2d 696, 696 [1st Dept 1974]). "Appointment of a receiver...should be granted only upon a clear showing of the necessity for conservation of the property and the interests of the movant" (*Rose v Rose*, 305 AD2d 578 [2d Dept 2003]).

In support of the relief requested, plaintiff annexed a copy of the most recent roll of the subject building which is approximately $89,750.00 per month and indicated that, as of March 31, 2021, defendant owes plaintiff the unpaid principal balance in the amount of $8,750,000.00 for unpaid property taxes and $378,657.16 plus interest for unpaid water/sewer charges. Plaintiff therefore contends that the subject mortgaged property "is in danger of being lost by reason of the Defendant's defaults" and that said defendant "is unable or unwilling to correct its defaults." There being no opposition, plaintiff's motion to appoint a temporary receiver pursuant to RPAPL 254 [10], is hereby granted.

Settle order.

Dated: August 12, 2022

FILED
8/15/2022
COUNTY CLERK
QUEENS COUNTY

Denis J. Butler, J.S.C.