Clifford B. Olshaker
Law Office of Clifford B. Olshaker
40-47 75th Street, Suite 300
Elmhurst, New York 11373
(347) 448-8531
cliffordolshaker@yahoo.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

**143-30 SANFORD AVE LLC,**

        Debtor,

Case No. 23-43812-nhl
(Chapter 7)

**DECLARATION OF VINCENT GAROFALO IN SUPPORT OF DEBTOR'S ORDER TO
SHOW CAUSE TO DISMISS THE CASE PURSUANT TO 11 U.S.C. § 707(a)**

Vincent Garofalo, declares as follows under penalty of perjury:

1.      I am the 100% owner of debtor 143-30 Sanford Ave, LLC, ("Debtor") a New York LLC.

Debtor is a single asset LLC.  The sole asset owned by Debtor is an 80-Unit residential apartment

building located at 143-30 Sanford Avenue, Flushing, NY 11350 (the "Premises").

2.      Creditor Sanford Funding LLC ("Creditor") is owned by Hirshmark Capital, a hard money

lender from whom I, through the Debtor, borrowed the sum of $8,750,000.00 to refinance the

Premises in October of 2018.  In connection with such loan on behalf of the Debtor I executed a

Note, Mortgage, as well as a personal guarantee for all amounts due under the Note.

4.      The Note bore an interest rate of 7.99% and was to run from October 1, 2018 until August 1, 2020. The loan is secured by a first mortgage on the Premises. Under the Note, Debtor was obligated to make interest only payments in the amount of $58,260.00 each month to the Creditor.

5.      In October 2019 Creditor mailed me a Notice of Default. Their letter alleged that I was delinquent in water/sewer charges as well as real estate taxes on the Premises. I immediately got in touch with them and explained that they were wrong and that all payments for water/sewer and insurance were current.

6.      I kept making the monthly payment of $58,260.00 and the bank accepted such payment during October and November of 2019. In December they stopped accepting my payments and I immediately got in touch with them to find out why.

7.      I was told that they were accelerating the loan because of the water/sewer fees and that I would have to pay default interest in the amount of 24% going forward. I was in a state of panic, by raising my interest rate from 7.99% to 24% my monthly interest payments would go from $58,260.00 per month to $175,000.00. This was unsustainable and completely without cause.

8.      During 2020 Plaintiff refused my payments demanding that I make monthly payments at the default rate of $175,000.00 per month which was impossible given the rent roll and expenses of the Premises coupled with the pandemic which shut down the City in March of 2020 and severely compromised my ability to collect rent from my tenants.

9.      Finally, in 2021 Plaintiff and I began negotiating an agreement that would allow me to pay the back payments and keep my building out of foreclosure. On June 24, 2021 we executed a Forbearance Agreement that I was led to believe would stop the bank from foreclosing on my building. Pursuant to such agreement I paid them $850,000.00 and resumed making monthly

payments in the amount of $58,260.00. I entered into this agreement without reviewing it with a lawyer. I was desperate to get the loan back on track and to avoid foreclosure.

10.    When I found out that the Plaintiff had begun a foreclosure lawsuit against me in April of 2021, I was absolutely shocked. This was during the time that we were working out the terms of the Forbearance Agreement. I thought that such agreement would make it unnecessary for the bank to take legal action. I found out about the lawsuit for the first time when I received a copy of the May 13, 2022 Order of Reference which was awarded to the Plaintiff on default.

11.    I hired an attorney to oppose Creditor's motion for judgment of foreclosure and sale but the Supreme Court did not allow me to cure my default and defend the foreclosure action on the merits. On August 15, 2023 the Creditor was awarded Judgment of Foreclosure and Sale in the amount of $13,263,173.12. *See* **EXHIBIT B**.

12.    On August 15, 2023 Creditor scheduled a foreclosure sale for the Premises for October 20, 2023 pursuant to the Judgment of Foreclosure and Sale. *See* **EXHIBIT C**. With no other way to stop such sale on behalf of my LLC I filed this bankruptcy case as a way to stop the sale. I downloaded the basic petition and went to the Bankruptcy Court where I got the rest of the documents that were needed to make the basic filing. I did not file any schedules other than the Schedule A which listed the Premises. (**ECF No. 1**). No lawyer represented me when I made this filing.

13.    I intended to buy myself more time to negotiate a sale of the Premises in which the Creditor would be paid in full and I might be able to receive any funds above and beyond what the Creditor was paid as the Debtor has no other creditors.

14.    Unfortunately, the Trustee did not abandon the Property and has arraigned with the Creditor to sell the Premises at auction on August 8, 2024.

3

15.     I have re-hired Mr. Olshaker to appear on behalf of the Debtor.  On June 21, 2024 he filed

a Notice of Appearance in this case.  (**ECF No. 21**).

16.     I have gone over the fees that the Trustee, her attorneys, and her real estate broker intend

to charge and after reviewing such fees feel that it is in my best interest, as 100% owner of the

Debtor, that this case be dismissed.  The 4% charged by the broker, plus the 3% charged by the

Trustee, plus whatever legal fees the Trustee's attorneys charge make it extremely likely that the

winning bid will not cover the entire judgment amount and I will be liable under the personal

guarantee that I signed when the loan was initially made.  This could have disastrous consequences

for me and my family.

17.     I do not believe that the Creditor will be harmed if this case is dismissed.  It can enforce its

judgment in State Court without the fees associated with a Trustee's sale.  There are no other

creditors in this case and the only asset held by the Debtor is the Premises.  I respectfully request

that the Court grant this motion to dismiss this case.  It will make it significantly easier for me to

recover from the unfortunate financial situation brought about by the foreclosure action.

**Proceeding Via Order to Show Cause**

18.     In closing, I wish to inform the Court that the last six weeks of my life were taken over by

my 89-year-old father's rapid decline.  Over such time, I was forced to drop everything that I was

doing and attend to his worsening health.  I spend many days and evenings at the hospital with

him.  Two weeks ago he was moved to hospice care; he died this past Saturday and was buried

yesterday (July 29, 2024).  *See* **EXHIBIT D**.

19.     When I hired Mr. Olshaker at the end of June, he and I expected to make this motion on

notice.  Because of all of the time that I spent with my father during the last few weeks of his life

I was unable to see my attorney to prepare this declaration.  I respectfully request the Court permits

this motion to he heard as an Order to Show Cause as I feel the events that I have described constitute good cause to proceed in such a manner.

WHEREFORE, I respectfully request that this Court, stay the Trustee's sale scheduled for August 8, 2024, dismiss this bankruptcy case, and for such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2024
Elmhurst, New York

_____
Vincent Garofalo