**EXHIBIT B (1 of 2)**

Sequence #5

**FILED & RECORDED**

8/15/2023, 10:26:39 AM

COUNTY CLERK
QUEENS COUNTY

At the IAS Part 12 of the Supreme Court of the State of New York, held in and for the County of Queens at the courthouse thereof located at 88-11 Sutphin Boulevard Jamaica, NY 11435 10 day of August, 2023.

PRESENT:

Hon. Denis Butler
JUSTICE OF THE SUPREME COURT

-------------------------------------------------------X

Sanford Funding LLC,

           Plaintiff,

-against-

143-30 Sanford Ave LLC, Vincent Garofalo, New York City Environmental Control Board, Commissioner of Labor State of New York, Thermal Profiles, Inc., Criminal Court of the City of New York, Department of Housing Preservation and Development of the City of New York,

John Doe #1 through John Doe #20 (Said names being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, including, without limitation, tenants or other occupants who may have some interest in or lien upon the Premises subordinate to the lien of the Plaintiff's mortgage sought to be foreclosed herein,,

           Defendants.

-------------------------------------------------------X

Index No. 709057/2021

**JUDGMENT OF FORECLOSURE AND SALE**

**Mortgaged Property:**
143-30 Sanford Avenue

Flushing, NY
11355
Block: 5183
Lots: 20
County of Queens

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160

INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

**UPON** the Summons, Complaint and Notice of Pendency filed in this action on April 15, 2021, Notice of Motion dated January 9, 2023 the affirmation by Jason Sackoor, Esq. the affidavit of merit and amount due by Doris Shen, Asset Manager, duly sworn to on the 8th of July ,2022, together with the exhibits annexed thereto, all in support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

**UPON** proof that each of the defendants herein has been duly served with the Summons and Complaint in this action, and has voluntarily appeared either personally or by an attorney; and Plaintiff having established to the court's satisfaction that a judgment against defendants is warranted; and

**UPON** the affidavit of mailing reflecting compliance with CPLR 3215 (g)(3) (iii); and

**UPON** proof that non-appearing defendants,143-30 Sanford Ave LLC, Vincent Garofalo, New York City Environmental Control Board, Commissioner of Labor State of New York, Thermal Profiles, Inc., Criminal

Court of the City of New York, Department of Housing Preservation and Development of the City of New York, are not absent, in accordance with RPAPL §1321(2); and

**UPON** a referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the compliant and to examine whether the mortgaged property can be sold in parcels; and

**UPON** reading and filing the report of Frank Bruno, Esq dated July 20, 2022, showing the sum of $13,263,173.12 due as of May 31, 2022 and that the mortgaged property may not be sold in parcels; and

**UPON** proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein;

Upon reading and filing the decision of the court dated June 23, 2023,

**NOW**, on motion by Jason Sackoor, Esq., attorney for the Plaintiff,

it is ORDERED, that the motion is granted and cross-motion denied.

**ORDERED**, that Cheng Long, Han Zhang, Milagro Arivalo, Elisa Arivalo, Michael Perez, Marian Zurita, Ian Montija, Paola Montija, Lisette Soto, Jane Doe, and Victor Benitez be added as named defendant in this action pursuant to RPAPL §1311 and that the caption be amended to add Cheng Long, Han Zhang, Milagro Arivalo, Elisa Arivalo, Michael Perez, Marian Zurita, Ian Montija, Paola Montija, Lisette Soto, Jane Doe, and Victor Benitez in place of the "John Doe" defendants as party defendants to this action and the caption should be amended to read as follow:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
Sanford Funding LLC,

                        Plaintiff,

Index No. 709057/2021

-against-

143-30 Sanford Ave LLC, Vincent Garofalo, New York City Environmental Control Board, Commissioner of Labor State of New York, Thermal Profiles, Inc., Criminal Court of the City of New York, Department of Housing Preservation and Development of the City of New York, Cheng Long, Han Zhang, Milagro Arivalo, Elisa Arivalo, Michael Perez, Marian Zurita, Ian Montija, Paola Montija, Lisette Soto, Jane Doe, and Victor Benitez,

Defendants.
-----------------------------------------------------------------X

**ORDERED, ADJUGED AND DECREED** that the Referee's Report of Frank Bruno, Jr., Esq., dated July 20, 2022, be and the same is, hereby in all respects ratified and confirmed; and it is further

**ORDERED, ADJUGED AND DECREED**, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the Queens County Supreme Court, on the courthouse steps of 88-11 at a day and a time designated Sutphin Boulevard Jamaica, NY 11435, by and under the direction of Frank Bruno, Jr., Esq. with offices at 69-09 Myrtle Avenue Glendale, NY 11385 and telephone number (718) 418-5000 who is hereby appointed Referee for that purpose, that said Referee give notice of the time and place of sale

newspaper   in accordance with RPAPL § 231 in  Queens Daily Eagle  ; and it is
further
8900 Sutphin Blvd
Jamaicia NY 11435
(718-422-7409)

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160

INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

**ORDERED, ADJUDGED AND DECREED** that by accepting this appointment, the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to § 36.2(c) ("Disqualification from appointment" ) and § 36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

**ORDERED, ADJUGED AND DECREED** that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with part 36 of the Rules of the Chief Administrative Judge; and it is further

**ORDERED, ADJUGED AND DECREED** that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale; and it is further

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160

INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

**ORDERED, ADJUGED AND DECREED** that if the referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL § 1351 (1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

**ORDERED, ADJUGED AND DECREED** that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required: and it is further

**ORDERED, ADJUGED AND DECREED** that in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall be reoffered at auction; and it is further

**ORDERED, ADJUGED AND DECREED** that the referee shall then deposit the down payment and proceeds of sale, as necessary, in BANK Flushing Bank 89-12 Sutphin Blvd Jamaica NY 11435 in his/her own name as referee, in accordance with CPLR 2609; and it is further

**ORDERED, ADJUGED AND DECREED** that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the terms of sale, which shall be deemed a binding contract; and it is further

**ORDERED, ADJUGED AND DECREED** that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUGED AND DECREED** that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-L of the Banking Law) is the purchaser, such party shall place the property back on

the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation, proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

**ORDERED, ADJUGED AND DECREED** that the referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUGED AND DECREED**, that the referee then deposit the balance of said proceeds of sale in her/his own name as

BANK    Referee in   <u>Flushing Bank</u>
               <u>89-12 Sutphin Blvd.</u>  , and shall thereafter make the
               Jamaica NY 11435

following payments in accordance with RPAPL §1354, as follows:

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160

INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

Add'l Ref Fee
J.S.C.

**FIRST:** The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), in the sum of $750.00. In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $ 350.00 for each adjournment or cancellation, unless the Referee caused the delay;

**SECOND:** All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments or water rates have not become absolute, and any other amounts due in accordance with RPAPL § 1354 (2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless for any such penalties or fees assessed;

**THIRD:** The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said