# EXHIBIT B (2 of 2)

Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

**FOURTH:** The Referee shall then pay to the Plaintiff or its attorney the following:

Amount Due per Referee's Report: $ 13, 263, 173.12 with Interest at the note rate from June 1, 2022 together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

cc

Costs and Disbursements: $ 2,944.38 adjudged to the Plaintiff for costs and disbursements in this action, as taxed by

the Clerk and inserted herein, with interest at the statutory judgment rate from the date of entry of this judgment;

*[Initialed J.S.C.]* Additional Allowance: $ -0- is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR article 83;

*[Initialed J.S.C.]* Attorney fees: $ -0- is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

**FIFTH:** Surplus monies arising from the sale shall be deposited with the Queens County Clerk by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

**ORDERED, ADJUGED AND DECREED** that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said referee, said referee shall not require Plaintiff to pay ~~in cash~~ the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and, "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

**ORDERED, ADJUGED AND DECREED** that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the

purchaser, not by the referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

**ORDERED, ADJUGED AND DECREED** that if the sale proceeds distributed in accordance with paragraphs "First"', "Second", "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against 143-30 Sanford Ave LLC and Vincent Garofalo in accordance with RPAPL § 1371 if permitted by law; and it is further

**ORDERED, ADJUGED AND DECREED** that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, rights of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in

possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR § 317, 2003 and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

**ORDERED, ADJUGED AND DECREED** that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

**ORDERED, ADJUGED AND DECREED** that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgage property; and it is further

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160

INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

**ORDERED, ADJUGED AND DECREED** that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the Queens County Clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL § 1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

**ORDERED, ADJUGED AND DECREED** that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorney shall elect to make such application; and it is further

**ORDERED, ADJUGED AND DECREED** that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160

INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

**ORDERED, ADJUGED AND DECREED** that nothing shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL § 1307 and RPAPL § 1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

**ORDERED, ADJUGED AND DECREED** that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Action Surplus Monies form; and it is further

**ORDERED, ADJUGED AND DECREED** that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof; and it is further

ORDERED, that the Referee shall comply with the Eleventh Judicial District's Policies concerning Public Auctions of foreclosed properties, including the new policy authorizing remote bidding. If the Referee is unwilling or unable to comply with such provisions, including but not limited to the ability to accept wire transfers, the Referee shall notify the court immediately. These policies, along with the Queens County Foreclosure Auction Rules, can be found on the Queens Supreme Court-Civil Term website.

Said property is commonly known as 143-30 Sanford Avenue Flushing, NY.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule "A".

**ENTER:**

_____
Hon. Denis Butler, J.S.C.

**FILED & RECORDED**

8/15/2023, 10:26:39 AM
COUNTY CLERK
QUEENS COUNTY

CLERK

sg

## SCHEDULE A

### (Description)

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Sanford Avenue distant 155.295 feet easterly from the corner formed by the intersection of the southerly side of Sanford Avenue with the easterly side of Bowne Street as vested in the City of New York; and

RUNNING THENCE southerly at right angles to the southerly side of Sanford Avenue, 141 feet 1 1/2 inches;

THENCE easterly along a line forming an interior angle of 91 degrees 15 minutes with the last described course, 22 feet 4 1/2 inches;

THENCE southeasterly along a line which on its southwesterly side forms an exterior angle of 139 degrees 44 minutes 41 seconds with the last described course, 24 feet 3/8 of an inch;

THENCE northeasterly along a line forming an interior angle of 128 degrees 05 minutes 11 seconds with the last described course, 60 feet 7 3/4 inches;

THENCE still northeasterly along a line forming an interior angle of 180 degrees 31 minutes 40 seconds with the last described course, 50 feet 9 inches;

THENCE northerly again at right angles to the southerly side of Sanford Avenue 137 feet 10 1/2 inches to the southerly side of Sanford Avenue; and

THENCE westerly along the southerly side of Sanford Avenue, 150 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY:    Said premises also known as 143-30 Sanford Avenue, Flushing, NY 11355.