**LaMONICA HERBST & MANISCALCO, LLP**      Relates to a Hearing on August 7, 2024
*Counsel to Lori Lapin Jones, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                        Chapter 7

143-30 SANFORD AVE LLC,                        Case No.: 23-43812-nhl

                Debtor.
---------------------------------------------------------x

## OBJECTION OF CHAPTER 7 TRUSTEE TO DEBTOR'S MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(a)

Lori Lapin Jones, solely in her capacity as the Chapter 7 Trustee ("Trustee") of the estate of 143-30 Sanford Ave LLC ("Debtor"), by her undersigned counsel, objects to the motion ("Motion") [ECF No. 27] filed on behalf of the Debtor seeking dismissal of this voluntary Chapter 7 case under 11 U.S.C. § 707 (a) ("Bankruptcy Code"), and respectfully represents and sets forth as follows:

### PRELIMINARY STATEMENT

1. Nearly ten (10) months ago, on the eve of a duly scheduled foreclosure sale, Vincent Garofalo ("Garofalo"), the Debtor's principal and owner, voluntary commenced this Chapter 7 case on the Debtor's behalf. Now, on the eve of a duly noticed public auction sale, the Debtor (by Garofalo) seeks dismissal of this Chapter 7 case. The Debtor's estate and all of its creditors are best served by the Trustee's continued administration of the Debtor's estate, including the sale of the Debtor's real property at the duly-noticed public auction sale on August 8, 2024. Indeed, the Trustee successfully negotiated the terms of a carve-out agreement with the Debtor's lender, Sanford Funding LLC ("Lender"), which, among other things, provides for a

1

carve-out for the payment of allowed claims in accordance with the Bankruptcy Code, whether the Lender or a third party is the successful purchaser of the Debtor's property – an outcome which would not exist should the Debtor's case be dismissed.

2. For these and the reasons set forth more fully below, the Motion should be denied.

## BACKGROUND

3. On October 19, 2023 ("Filing Date"), a voluntary petition under Chapter 7 of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Eastern District of New York ("Court"). See ECF No. 1. Garofalo signed the voluntary petition on the Debtor's behalf as "Owner". See id.

4. Lori Lapin Jones is the Chapter 7 Trustee of the Debtor's estate.

5. Public records reflect that, as of the Filing Date, the Debtor was the fee owner of the real property and improvements located at 143-30 Sanford Avenue, Flushing, New York 11355 ("Property"). The Property consists of an approximately 59,231 square foot, 80-unit apartment building that is currently occupied with tenants.

6. Public records reflect that, on or about August 8, 2018, the Lender made a loan ("Loan") to the Debtor in the principal sum of eight million seven hundred and fifty thousand dollars ($8,750,000), which Loan is evidenced by a mortgage note dated as of August 8, 2018 ("Note"). To secure its obligations under the Note, the Debtor, as mortgagor, delivered to the Lender, as mortgagee, a mortgage dated as of August 8, 2018 ("Mortgage"), which Mortgage was recorded with the New York City Register ("Register"). In connection with the Note and Mortgage, the Debtor executed an Assignment of Leases and Rents dated as of August 8, 2018 ("ALR"), which ALR was recorded with the Register, and pursuant to which the Debtor assigned all its leases and rents to the Lender. The Loan matured on September 1, 2020.

7. By complaint dated April 15, 2021, the Lender commenced an action in the Supreme Court of the State of New York, County of Queens ("State Court") against, among others, the Debtor to foreclose its mortgage on the Property ("Foreclosure Action"), which action was assigned index no. 7090578/2021. The Debtor defaulted in the Foreclosure Action.

8. On May 18, 2022, the State Court entered an Order of Reference and Default Judgment in the Foreclosure Action pursuant to which, inter alia, a referee was appointed to compute the amounts owed to the Lender. On September 30, 2022, the State Court entered an Order in the Foreclosure Action pursuant to which, inter alia, Gerard A. Geisweller, Esq. was appointed as receiver ("Receiver") and authorized to take charge and enter into the Property.

9. On June 26, 2023, the State Court entered an Order in the Foreclosure Action that, inter alia, confirmed the referee's report dated July 20, 2022, granted a judgment of foreclosure and sale, and denied a cross-motion of the Debtor and Garafalo to vacate their default and interpose a late answer. On July 26, 2023, a Notice of Appeal of the State Court's June 26, 2023 Order was filed on behalf of the Debtor and Garafalo in the Foreclosure Action.

10. On August 15, 2023, the State Court entered a Judgment of Foreclosure and Sale ("JFS") in the Foreclosure Action. The JFS provides that Lender was owed $13,263,173.12 with interest at the rate in the Note from June 1, 2022, together with, inter alia, any advances as provided for in the Note and Mortgage for taxes, insurance, and any other charges to maintain the Property pending the sale of the Property. See id.

11. On August 31, 2023, the Receiver filed a Notice of Sale of the Property with a sale date of October 20, 2023, i.e., the day after the Filing Date, which foreclosure sale was stayed by virtue of the Debtor's commencement of this Chapter 7 case.

12. After the Filing Date, the Trustee, Lender and Receiver negotiated and entered

into a stipulation ("Sale Stipulation"), which, among other things, provides for the continuance of the receivership, the use of cash generated from the Property, the advance of cash by Lender to preserve and maintain the Property, and a carve-out for the estate from the proceeds on account of the claim of Lender.

13. By motion dated April 29, 2024 ("Approval Motion") [ECF No. 9], the Trustee sought entry of, inter alia, an Order approving the Sale Stipulation and authorizing the sale of the Debtor's Property. By Order dated May 7, 2024 ("Scheduling Order") [ECF No. 11], the Court scheduled a hearing on shortened notice of the Approval Motion for May 23, 2024 ("May 23 Hearing"). On May 8, 2024, copies of the Scheduling Order and Approval Motion were served on, among others, Garafalo by FedEx overnight mail. See ECF No. 13.

14. No objections to the relief sought in the Approval Motion were filed with the Court or raised at the May 23 Hearing. By Order entered on May 28, 2024 ("Approval Order") [ECF No. 17], the Court, inter alia, approved the Sale Stipulation, authorized the Trustee's sale of the Property and granted related relief.

15. On May 31, 2024, notice of the intended public auction sale of the Property on June 25, 2024 was filed with the Court and served on, among others, Garafalo. See ECF Nos. 20 (Notice), 23 (Affidavit of Service).

16. On June 21, 2024, an amended notice of the intended public auction sale of the Property on August 8, 2024 was filed with the Court and served on, among others, Garafalo. See ECF Nos. 24 (Amended Notice), 26 (Affidavit of Service).

17. On June 21, 2024, counsel filed a notice of appearance on the Debtor's behalf. See ECF No. 25.

18. On August 1, 2024, counsel filed the Motion. See ECF No. 27.

4

19. On August 2, 2024, the Court entered an Order to Show Cause which, <u>inter alia</u>, required service of the Motion and Order to Show Cause by e-mail and overnight mail on, among others, the undersigned by end of the business day on August 2, 2024. <u>See</u> ECF No. 28. Service was not effectuated on the Trustee per the Court's Order to Show Cause (or at all).

20. The deadline for creditors to file proof of pre-petition claims against the Debtor's estate is August 29, 2024 ("<u>Bar Date</u>"). <u>See</u> ECF No. 19. Notice of the Bar Date was provided by the Trustee to all potential holders of claims against the Debtor. <u>See</u> ECF No. 22.

21. The Trustee is informed that the Property in encumbered by certain liens that were recorded after the Lender's Mortgage, which liens appears to be wholly unsecured.

## **OBJECTION**

22. Pursuant to section 707(a) of the Bankruptcy Code, the Court may dismiss a Chapter 7 case only after notice and a hearing and only for "cause". <u>See</u> 11 U.S.C. § 707(a).

23. A Chapter 7 debtor does not have an absolute right to have its case dismissed. <u>See</u> <u>Smith v. Geltzer (In re Smith)</u>, 507 F.3d 64, 72 (2d Cir. 2007) (citations omitted). The burden of proof is on the movant "to show that 'cause' exists to dismiss and that creditors will not be prejudiced by the dismissal." <u>In re Katos</u>, Case No. 10-72490-ast, 2010 Bankr. LEXIS 4516, at *4 (Bankr. E.D.N.Y. Dec. 9, 2010) (citing <u>In re Stephenson</u>, 262 B.R. 871, 874 (Bankr. W.D. Okla. 2001)); <u>see</u> <u>In re Smith</u>, 507 F.3d at 72. The decision to dismiss is guided by equitable considerations and is "committed to the sound discretion of the bankruptcy court." <u>See</u> <u>Id.</u> at 73 (quoting <u>In re Hull</u>, 339 B.R. 304, 308 (Bankr. E.D.N.Y. 2006)).

24. "Courts generally consider the following factors when ruling on a motion to dismiss: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment; (4) whether dismissal

would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending." Turpen v. Eide (In re Turpen), 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000) (citations omitted); see also Misty Mt., L.C. v. United States Tr. (In re Misty Mt., L.C.), 270 B.R. 53 (W.D. Va. 2001) (applying above factors and denying a business debtor's motion to dismiss). In this circuit, courts consider whether dismissal is in the best interest of all parties in interest. In re Smith, 507 F.3d at 72 (citing Dinova v. Harris (In re Dinova), 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997)). "With regard to creditors, the issue is typically one of prejudice: creditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them. A prejudicial delay also creates the appearance that such an abusive practice is implicitly condoned by the Code." Id.

25. Pursuant to section 323 of the Bankruptcy Code, the Trustee is the sole representative of the Debtor's estate. See 11 U.S.C. § 323.

26. By the Motion, the Debtor, notwithstanding section 323(a) of the Bankruptcy Code, seeks dismissal of this Chapter 7 case and contends that dismissal is in the best interests of the Lender and the Debtor. However, the Trustee is informed that the Lender opposes dismissal. As to the Debtor, the Motion appears to be fueled by Garafalo's potential personal liabilities to the Lender, which is not a basis for dismissal of this voluntary Chapter 7 case. The standard is whether dismissal is in the best interests of the estate and creditors and not a principal whose equity in the Debtor likely has no value.

27. The universe of the Debtor's creditors is unknown because the Debtor failed to comply with its obligations under section 521 of the Bankruptcy Code in this voluntary Chapter

6

7 case. What is known, however, is that the Motion was not made with the consent of any of the Debtor's creditors. Indeed, the Motion is only supported by the declaration of Garafalo.

28.	Equally important, the Debtor does not appear to be acting in good faith. This Chapter 7 case was filed by Garafalo on the eve of a duly-noticed foreclosure sale to delay the Lender's exercise of its rights and remedies. Now, nearly ten (10) months into this case and on the eve of another duly-noticed sale, the Debtor seeks dismissal arguing that the Lender can pursue its rights elsewhere. The Debtor – and Garafalo – should not be given another opportunity to delay the liquidation of the Property, which the Lender has already consented to and this Court has already authorized.

29.	Given the foregoing, the Debtor cannot establish cause for the dismissal of its bankruptcy case under section 707(a) of the Bankruptcy Code.

30.	Assuming, arguendo, that cause was shown (and it has not been here), dismissal of the Debtor's case would prejudice its creditors, including the Trustee and her professionals. See Turpen, 244 B.R. at 434 ("Even if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors."). "Absent court oversight of payment [of creditors by the debtor], creditors are prejudiced. They bear the risk of not being paid, a very unlikely risk in a chapter 7 case. The method for insuring payment of creditors out of any non-exempt portion of the estate's assets is through administration under the trustee system." In re Fulton, 339 B.R 698, 701 (Bankr. N.D. Iowa 2006); see In re Cink, No. 06-40019, 2007 Bankr. LEXIS 649, at *7 (Bankr. D.S.D. Feb. 21, 2007) (stating that creditors are "entitled to full payment of their allowed claims to the extent estate funds are available. Anything less is prejudicial to creditors. The statutory duty to ensure an appropriate distribution lies with [the] Trustee[.]" (citing 11 U.S.C. § 704)).

31. The Court-approved Sale Stipulation provides for a carve-out from the proceeds of the sale of the Property and the Mortgage, whether the Lender or a third-party is the successful purchaser of the Property. See generally ECF No. 17-1 at pp. 6-8, ¶¶12, 14. The carve-out includes funds to pay the Receiver (who along with his property manager are owed approximately $120,000) and other Chapter 7 administrative claims. The carve-out also includes up to $35,000 for creditors other than the Trustee and her professionals. In this case, certain liens were recorded against the Property after the Lender's lien, which liens appear to be wholly unsecured. The carve-out will not exist if this case is dismissed, and creditors of the Debtor will be prejudiced. Finally, there should be no further delay in having control and management of the Property, which is an 80-unit residential building occupied by tenants, pass from a temporary fiduciary (i.e., the Receiver who has been managing the Property since 2022) to an owner who will have a vested interest in the Property. Accordingly, the balance of competing interests tips in favor of the estate and its creditors, and the Trustee is in the best position to ensure an appropriate distribution to creditors. See In re Jabarin, 395 B.R. 330, 343 (Bankr. E.D. Pa. 2008).

32. For these reasons, the Motion should be denied.

Dated: August 6, 2024
       Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, as Chapter 7 Trustee*

By:   *s/ Holly R. Holecek*
      Holly R. Holecek, Esq.
      A Partner of the Firm
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Telephone: (516) 826-6500