| UNITED STATES BANKRUPTCY COURT | Hearing Date and Time: |
| EASTERN DISTRICT OF NEW YORK | August 7, 2024 at 3:00 p.m. |

-------------------------------------------------------------x

In re:  Chapter 7

143-30 Sanford Ave LLC,  Case No. 23-43812-NHL

                        Debtor.

-------------------------------------------------------------x

## SECURED CREDITOR'S OPPOSITION TO DEBTOR'S ORDER TO SHOW CAUSE SEEKING DISMISSAL OF CHAPTER 11 CASE

Sanford Funding LLC (the "<u>Secured Creditor</u>"), by and through its counsel, as and for its Opposition to the Order to Show Cause of 143-30 Sanford Ave LLC (the "<u>Debtor</u>") seeking dismissal of the Chapter 11 case, states and alleges as follows:

1.      Having voluntarily commenced a bankruptcy proceeding under Chapter 7 of the Bankruptcy Code, the Debtor retains only a very limited right to seek dismissal of its own filing, with the governing criteria being "whether dismissal would be in the best interest of all parties in interest". *In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007).

2.      The Debtor has not established that dismissal benefits anyone, let alone all parties in interest and, thus, the Order to Show Cause should be denied,  In fact, the eleventh hour request for dismissal is a continuation of the Debtor's prior efforts to delay the sale of its real property, consisting of an 80-unit residential apartment building located at 143-30 Sanford Avenue, Flushing, NY 11355 (the "Property"), which were overruled pursuant to the decision of the state court sustaining the Secured Creditor's motion to foreclose, the judgment of foreclosure and the notice of sale, annexed as <u>Exhibits</u> "A", "B" and "C", respectively.

3.      By way of brief background, the Secured Creditor holds a judgment of foreclosure and secured claim of at least $16,631,612.75.  The bankruptcy was filed on October 19, 2023 on the eve of a scheduled foreclosure sale, with a bare-bones petition.  To this day, ten months into

1

the case, no schedules have been filed, and the first appearance by counsel for this corporate Debtor was on August 1, 2024 when the application was made for the instant Order to Show Cause.

4. Notwithstanding the Debtor's delay tactics, the Secured Creditor has worked with the Chapter 7 Trustee to make bankruptcy productive for creditors. Critical to this goal, the Secured Creditor and the Trustee have developed a fair and equitable process to sell the Property pursuant to stipulation previously approved by the Court [ECF No. 17], a copy of which is annexed hereto as <u>Exhibit</u> "D". The stipulation provides for a comprehensive auction process and carveout for administrative expenses, taxes and general unsecured creditors.

5. In view of this stipulation, and with a sale date approaching, the Order to Show Cause comes far too late in the proceedings to be given any credence beyond another stalling tactic. In fact, dismissal at this point is highly prejudicial to the overall interests of creditors, who will benefit from an immediate sale.

6. The facts in this case are substantially similar to those in *In re Segal*, 527 B.R. 86 (Bankr. E.D.N.Y. 2015), wherein this Court denied a motion to dismiss a Chapter 7 case filed on the eve of a foreclosure for the purpose of delaying creditors by a debtor who failed to comply with his obligations to disclose assets and then, having taken advantage of months of delay, sought to escape the trustee's efforts to administer assets by disavowing his petition based on his own failure to cure deficiencies in the petition, schedules and statements. In reaching its decision to deny dismissal in *Segal*, the Court noted several important principles that are germane to the case at Bar, stating:

> a bankruptcy case should not be dismissed if the purpose of the petition was to forestall creditors, and the debtor moves to dismiss after attaining such delay . . . Bankruptcy courts are duty bound to take all reasonable steps to preclude debtors from abusing or manipulating the bankruptcy process in order to undermine the essential purposes of the Bankruptcy Code . . . Courts should not sanction "dismissal of a case after it has appeared that the debtor failed to

>  account honestly for his assets . . . If a debtor fails to fully disclose his financial affairs during the bankruptcy, the court has no assurance that the debtor's assets will be distributed to the creditor body if it relinquishes its jurisdiction in ordering dismissal.

*Id.* at 94-95 (internal citations and quotation marks omitted).

7. It is a perversion of the concept of good faith that a Debtor which has invoked the application of the automatic stay can subsequently argue that the Trustee should be barred from proceeding with a sale of the Property in bankruptcy based upon a purported "two party dispute" that can be litigated in state court. The notion is farcical. For starters, there is nothing to litigate in state court since the Secured Creditor has already obtained a judgment of foreclosure. Second, the concept is typically raised by a secured creditor when frustrated by an intervening bankruptcy. Thus, the doctrine is not properly cited by the Debtor, and certainly cannot be invoked for its benefit after ten (10) months' time. Further, this is hardly two-party dispute since there are substantial real estate taxes and New York City judgments that remain outstanding and create an additional class of claims.

WHEREFORE, the Secured Creditor joins with the Trustee and respectfully prays for the entry of an Order denying the Order to Show Cause, and granting such other relief as may be just and proper.

Dated: New York, NY
August 6, 2024

    Goldberg Weprin Finkel Goldstein LLP
    Attorneys for the Secured Creditor
    125 Park Avenue, 12th Floor
    New York, New York 10036
    (212) 221-5700

    By:   /s/ J. Ted Donovan, Esq.