FILED: QUEENS COUNTY CLERK 06/26/2023 03:10 PM
NYSCEF DOC. NO. 155

INDEX NO. 709057/2021

RECEIVED NYSCEF: 06/26/2023

Short Form Order

NEW YORK SUPREME COURT - QUEENS COUNTY



Present: HONORABLE ___DENIS J. BUTLER___        IAS Part ___12___
                         Justice

------------------------------------------x
SANFORD FUNDING LLC,                              Index
                                                  Number:709057/2021
                              Plaintiff,
                                                  Motion Date:
                                                  May 16, 2023
            -against-

143-30 Sanford Ave LLC, Vincent Garofalo          Motion Seq. No.:005
New York City Environmental Control
Board, Commissioner of Labor State of
New York, Thermal Profiles, Inc.,
Criminal Court of the City of New York,
Department of Housing Preservation and
Development of the City of New York,

John Doe #1 through John Doe #20
(Said names being fictitious, it being
the intention of plaintiff to designate
any and all occupants of premises being
foreclosed herein, including, without
limitation, tenants or other occupants
who may have some interest in or lien
upon the premises subordinate to the
lien of the plaintiff's mortgage sought
to be foreclosed herein),

                         Defendants.

------------------------------------------x

The following papers were read on this motion by plaintiff for an
order confirming the Referee's Report made in accordance with RPAPL
§ 1321; granting a Judgment of Foreclosure and Sale pursuant to
RPAPL § 1351 and directing the distribution of sale proceeds
pursuant to RPAPL § 1354; and cross motion by defendants 143-30
Sanford Ave, LLC and Vincent Garofalo for an order pursuant to CPLR
§§ 317 and 5015(a)(1) vacating the May 13, 2022 Order of Reference

taken on default and pursuant to CPLR § 3012(d) compelling
plaintiff to accept defendants' exhibited Verified Answer.

```
                                                  Papers
                                                  Numbered
Notice of Motion, Affirmation, Proposed Order,
     and Exhibits....................................E121-143
Notice of Cross-Motion, Affirmation, Exhibits.........E145-151
Affirmation in Opposition to Cross Motion and
     Reply Affirmation, Exhibits......................E152-123
Reply Affirmation.....................................E154
```

Upon the foregoing papers, it is ordered that this motion and
cross-motion are determined as follows:

The branch of the motion seeking to substitute Cheng Long, Han
Zhang, Milagro Arivalo, Elisa Arivalo, Michael Perez, Marian
Zurita, Ian Montija, Paola Montija, Lisette Soto, Jane Doe, and
Victor Benitez in place and stead of "John Doe" defendants is
granted in the absence of opposition to that branch of the motion.

This is a foreclosure action concerning the property known as
143-30 Sanford Avenue, Flushing, New York (Block: 5183, Lot: 20).
The mortgaged premises is owned by defendant 143-30 Sanford Ave,
LLC, which in turn is owned by defendant Vincent Garofalo.

Pursuant to a Decision and Order by this Court dated May 13,
2022 (Seq. 2), plaintiff was granted leave to enter a default
judgment against defendants, and a referee appointed to compute the
amount owed to plaintiff.

The first branch of the motion by plaintiff seeks to confirm
the referee's report and for entry of a judgment of foreclosure and
sale.

"The report of a referee should be confirmed whenever the
findings are substantially supported by the record, and the referee
has clearly defined the issues and resolved matters of credibility"
(Deutsche Bank Natl. Tr. Co. v Szabo, 2023 NY Slip Op 03335 [2d
Dept 2023] [internal quotation marks omitted]).

Plaintiff has demonstrated that the referee's report is
substantially supported by the record.

Defendants 143-30 Sanford Ave, LLC, and Vincent Garofalo
(hereinafter defendants), oppose the motion on the ground plaintiff
has not demonstrated that defendants defaulted on the loan. The

FILED: QUEENS COUNTY CLERK 06/26/2023 03:10 PM

INDEX NO. 709057/2021

NYSCEF DOC. NO. 155

RECEIVED NYSCEF: 06/26/2023

issue of whether defendants 143-30 Sanford Ave, LLC, and Vincent Garofalo are in default was already decided pursuant to the Decision and Order dated May 13, 2022, and therefore is law of the case (see generally PennyMac Corp. v Bongiovanni, 212 AD3d 837, 840 [2d Dept 2023]), and is otherwise not among the issues plaintiff is required to prove in seeking to confirm the referee's report.

As such, the branch of the motion by plaintiff seeking to confirm the referee's report is granted to the extent that the referee's report by Frank Bruno, Jr., Esq., dated July 20, 2022, is ratified and confirmed, the judgment of foreclosure sale is granted, and the subject property shall be sold in one parcel.

The branch of plaintiff's motion seeking an order directing the distribution of the sale proceeds is granted, without opposition to that specific branch of the motion.

The cross motion by defendants 143-30 Sanford Ave, LLC, and Vincent Garofalo seeks to vacate their default in answering the complaint and to permit defendants 143-30 Sanford Ave, LLC, and Vincent Garofalo to interpose a late answer pursuant to CPLR §§ 317 and 5015[a][1]).

"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense" (Citmortgage, Inc. v Barton, 212 AD3d 706, 709 [2d Dept 2023]). "To vacate a default in answering or appearing pursuant to CPLR 317, a defendant must demonstrate that it was served with a summons other than by personal delivery, that it did not receive actual notice of the summons in time to defend, and that it has a meritorious defense" (Weinberger v Wild Orchid Flowers Corp., 215 AD3d 785, 786 [2d Dept 2023]). Similarly, "[a] defendant seeking to vacate a default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (McKesson Med.-Surgical Minnesota Supply, Inc. v Advantage Care, Inc., 210 AD3d 757, 758 [2d Dept 2022]).

Defendants 143-30 Sanford Ave, LLC and Vincent Garofalo assert as their reasonable excuse for defaulting that they were unaware of this action and that their first notice of this action was when they received a copy of the order of reference in May 2022. This assertion is contradicted by a Forbearance Agreement signed by the parties on June 24, 2021, which expressly references this action and wherein defendants 143-30 Sanford Ave, LLC and Vincent Garofalo consented to the jurisdiction of the court with respect to this

foreclosure action.

Furthermore, pursuant to the Forbearance Agreement dated June 24, 2021, defendants 143-30 Sanford Ave, LLC, and Vincent Garofalo waived any defenses to the foreclosure action, and therefore defendants 143-30 Sanford Ave, LLC and Vincent Garofalo have failed to demonstrate a meritorious defense to this action.

As such, the cross motion by defendants 143-30 Sanford Ave, LLC and Vincent Garofalo seeking to vacate their default in answering the complaint and to permit defendants 143-30 Sanford Ave, LLC, and Vincent Garofalo to interpose a late answer pursuant to CPLR §§ 317 and 5015[a][1]), is denied.

Plaintiff is directed to settle a judgment of foreclosure and sale consistent with this Memorandum by e-filing same as NYSCEF document "JUDGMENT-(PROPOSED) SUBMIT JUDGMENT PER JUDGE'S DECISION," supported by a copy of this Memorandum; a copy of the Referee's Oath, Report, and all exhibits to the Report; and an affidavit of service, on or before August 23, 2023.

This constitutes the decision and order of the court.


Dated: June 23, 2023

_____
Denis J. Butler, J.S.C.

FILED
6/26/2023
COUNTY CLERK
QUEENS COUNTY