SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------------x

Sanford Funding LLC,

                                    Plaintiff,

                    -against-

143-30 Sanford Ave LLC, Vincent Garofalo,
New York City Environmental Control Board,
Commissioner of Labor State of New York,
Thermal Profiles, Inc., Criminal Court of the
City of New York, Department of Housing
Preservation and Development of the City of
New York, Cheng Long, Han Zhang, Milagro
Arivalo, Elisa Arivalo, Michael Perez, Marian
Zurita, Ian Montija, Paola Montija, Lisette
Soto, Jane Doe, and Victor Benitez,

                                    Defendants

-----------------------------------------------------------------------x

Index No. 709057/2021

**NOTICE OF ENTRY**

PLEASE TAKE NOTICE that the within is a true copy of an order

entered in the office of the clerk of the within named Court, at 88-11

Sutphin Blvd., Jamaica, NY 11435 on August 15, 2023.

Dated: Whitestone, New York
        August 15, 2023

                    Borchert, & LaSpina, P.C.


                    By: /s/ Jason Sackoor
                        Jason Sackoor, Esq.
                        *Attorneys for Plaintiff*

19-02 Whitestone Expressway, Suite 302
Whitestone, New York 11357
(718) 767-3333


TO:   Law Office of Clifford Olshaker, P.C.
*Attorneys for Defendants 143-30 Sanford Ave LLC
And Vincent Garofalo*
4047 75th Street 3rd Floor
Elmhurst, NY 11373

143-30 Sanford Ave LLC
143-30 Sanford Avenue
Flushing, NY 11355

Vincent Garofalo
158-15 Cross Island Parkway
Whitestone, NY 11357

Frank Bruno, Jr., Esq.,
Referee
69-09 Myrtle Avenue
Glendale, NY 11385

Gerard A. Geisweller, Esq.
*Receiver*
Mattone Mattone Mattone LLP
134-01 20th Avenue
College Point, NY 11356

New York City Department of Finance
Office of Legal Affairs
375 Pearl Street - 30th Floor
New York, New York 10038
ATTENTION: BERNARD J. TORDESILLAS, ESQ.

2

Department of Housing Preservation and
Development of the City of New York
100 Church Street, Room 3-118
New York, NY 10007
Attn: Joy Anakhu, Esq.

Commissioner of Labor State of New York
W.A. Harriman Campus, Building 12
Albany, NY 12227

Thermal Profiles, Inc.,
c/o Milton Milbauer
100 Dupont St.
Plainview, NY 11803

Criminal Court of the City of New York
120-55 Queens Boulevard
Queens, NY 11424

Cheng Long
143-30 Sanford Avenue, Apt. 5M
Flushing NY 11355

Han Zhang
143-30 Sanford Avenue, Apt. 5M
Flushing NY 11355

Milagro Arivalo
143-30 Sanford Avenue, Apt. 1H
Flushing NY 11355

Elisa Arivalo
143-30 Sanford Avenue, Apt. 1H
Flushing NY 11355

Michael Perez
143-30 Sanford Avenue, Apt. 5E
Flushing NY 11355

3

Case 1:23-43012-nhl    Doc 31-2    Filed 08/06/24    Entered 08/06/24 17:49:21
INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

Marian Zurita
143-30 Sanford Avenue, Apt. 4L
Flushing NY 11355

Ian Montija
143-30 Sanford Avenue, Apt. 3J
Flushing NY 11355

Paola Montija
143-30 Sanford Avenue, Apt. 3J
Flushing NY 11355

Lisette Soto
143-30 Sanford Avenue, Apt. 3L
Flushing NY 11355

Jane Doe
143-30 Sanford Avenue, Apt. 1E
Flushing NY 11355

Victor Benitez
143-30 Sanford Avenue, Apt. 1E
Flushing NY 11355

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
Sanford Funding LLC,

                  Plaintiff,

          - against -

143-30 Sanford Ave LLC, Vincent Garofalo,
New York City Environmental Control Board,
Commissioner of Labor State of New York,
Thermal Profiles, Inc., Criminal Court of the
City of New York, Department of Housing
Preservation and Development of the City of
New York,

John Doe #1 through John Doe #20 (Said
names being fictitious, it being the intention of
Plaintiff to designate any and all occupants of
premises being foreclosed herein, including,
without limitation, tenants or other occupants
who may have some interest in or lien upon
the Premises subordinate to the lien of the
Plaintiff's mortgage sought to be foreclosed
herein),

                  Defendants
-----------------------------------------------------------------X

Index No.
709057/2021

**NOTICE OF
SETTLEMENT**

**FILED & RECORDED**

**8/15/2023, 10:26:39 AM**

COUNTY CLERK
QUEENS COUNTY

**PLEASE TAKE NOTICE,** that the attached Order will be presented for
settlement and signature to Hon. Denis J. Butler, at the Courthouse, 88-11
Sutphin Boulevard, Jamaica, New York on July 11, 2023 at 9:30 AM.

Dated:      Whitestone, New York
             June 27, 2023

Borchert, & LaSpina, P.C.


By: */s/ Jason Sackoor*_____
Jason Sackoor, Esq.
*Attorneys for Plaintiff*
19-02 Whitestone Expressway, Suite 302
Whitestone, New York 11357
(718) 767-3333

TO:   Law Office of Clifford Olshaker, P.C.
*Attorneys for Defendants 143-30 Sanford Ave LLC*
*And Vincent Garofalo*
4047 75th Street 3rd Floor
Elmhurst, NY 11373

143-30 Sanford Ave LLC
143-30 Sanford Avenue
Flushing, NY 11355

Vincent Garofalo
158-15 Cross Island Parkway
Whitestone, NY 11357

Frank Bruno, Jr., Esq.,
Referee
69-09 Myrtle Avenue
Glendale, NY 11385

Gerard A. Geisweller, Esq.
*Receiver*
Mattone Mattone Mattone LLP
134-01 20th Avenue
College Point, NY 11356

New York City Department of Finance
Office of Legal Affairs
375 Pearl Street - 30th Floor
New York, New York 10038
ATTENTION: BERNARD J. TORDESILLAS, ESQ.

FILED: QUEENS COUNTY CLERK 08/15/2023 10:20 AM
NYSCEF DOC. NO. 160

Department of Housing Preservation and
Development of the City of New York
100 Church Street, Room 3-118
New York, NY 10007
Attn: Joy Anakhu, Esq.

Commissioner of Labor State of New York
W.A. Harriman Campus, Building 12
Albany, NY 12227

Thermal Profiles, Inc.,
c/o Milton Milbauer
100 Dupont St.
Plainview, NY 11803

Criminal Court of the City of New York
120-55 Queens Boulevard
Queens, NY 11424

Cheng Long S/H/A John Doe #2 in Apartment 5M
143-30 Sanford Avenue,
Flushing NY 11355

Han Zhang S/H/A John Doe #1 in Apartment 5M
143-30 Sanford Avenue,
Flushing NY 11355

Milagro Arivalo S/H/A Jane Doe #1 in Apartment 1H
143-30 Sanford Avenue,
Flushing NY 11355

Elisa Arivalo S/H/A Jane Doe #2 in Apartment 1H
143-30 Sanford Avenue,
Flushing NY 11355

Michael Perez S/H/A John Doe in Apartment 5E
143-30 Sanford Avenue,
Flushing NY 11355

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160

INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

Marian Zurita S/H/A Jane Doe in Apartment 4L
143-30 Sanford Avenue,
Flushing NY 11355

Ian Montija S/H/A John Doe in Apartment 3J
143-30 Sanford Avenue,
Flushing NY 11355

Paola Montija S/H/A John Doe in Apartment 3J
143-30 Sanford Avenue,
Flushing NY 11355

Lisette Soto S/H/A Jane Doe in Apartment 2L
143-30 Sanford Avenue,
Flushing NY 11355

Jane Doe in Apartment 1E
143-30 Sanford Avenue
Flushing NY 11355

Victor Benitez S/H/A John Doe in Apartment 1E
143-30 Sanford Avenue,
Flushing NY 11355

**FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM**    INDEX NO. 709057/2021
NYSCEF DOC. NO. 160                                      RECEIVED NYSCEF: 08/15/2023

Sequence#5

**FILED & RECORDED**

8/15/2023, 10:26:39 AM

COUNTY CLERK *CP*
QUEENS COUNTY

At the IAS Part 12 of the Supreme Court of
the State of New York,        held
in and for the County of Queens at
the courthouse thereof located at
88-11 Sutphin Boulevard
Jamaica, NY 11435 _10_ day of
_____ _August_, 20 _23_.

P R E S E N T:

    Hon. Denis Butler
    JUSTICE OF THE SUPREME COURT
-----------------------------------------------------------------X

Sanford Funding LLC,                                Index No. 709057/2021

                    Plaintiff,

           -against-                                **JUDGMENT OF
FORECLOSURE AND
SALE**

143-30 Sanford Ave LLC, Vincent Garofalo,
New York City Environmental Control Board,          **Mortgaged Property:**
Commissioner of Labor State of New York,            143-30 Sanford Avenue
Thermal Profiles, Inc., Criminal Court of the
City of New York, Department of Housing             Flushing, NY
Preservation and Development of the City of         11355
New York,                                           Block: 5183
                                                    Lots: 20
John Doe #1 through John Doe #20 (Said names        County of Queens
being fictitious, it being the intention of Plaintiff to
designate any and all occupants of premises
being foreclosed herein, including, without
limitation, tenants or other occupants who may
have some interest in or lien upon the Premises
subordinate to the lien of the Plaintiff's mortgage
sought to be foreclosed herein,,

                    Defendants.
-----------------------------------------------------------------X

1

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160
INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

**UPON** the Summons, Complaint and Notice of Pendency filed in this action on April 15, 2021, Notice of Motion dated January 9, 2023 the affirmation by Jason Sackoor, Esq. the affidavit of merit and amount due by Doris Shen, Asset Manager, duly sworn to on the 8th of July ,2022, together with the exhibits annexed thereto, all in support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

**UPON** proof that each of the defendants herein has been duly served with the Summons and Complaint in this action, and has voluntarily appeared either personally or by an attorney; and Plaintiff having established to the court's satisfaction that a judgment against defendants is warranted; and

**UPON** the affidavit of mailing reflecting compliance with CPLR 3215 (g)(3) (iii); and

**UPON** proof that non-appearing defendants,143-30 Sanford Ave LLC, Vincent Garofalo, New York City Environmental Control Board, Commissioner of Labor State of New York, Thermal Profiles, Inc., Criminal

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160

Court of the City of New York, Department of Housing Preservation and Development of the City of New York, are not absent, in accordance with RPAPL §1321(2); and

**UPON** a referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the compliant and to examine whether the mortgaged property can be sold in parcels; and

**UPON** reading and filing the report of Frank Bruno, Esq dated July 20, 2022, showing the sum of $13,263,173.12 due as of   May 31,2022

and that the mortgaged property may not be sold in parcels; and

**UPON** proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein;

Upon reading and filing the decision of the court dated June 23, 2023,

**NOW**, on motion by Jason Sackoor, Esq., attorney for the Plaintiff,

it is ORDERED, that the motion is granted  and cross-motion denied.

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160

INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

**ORDERED**, that Cheng Long, Han Zhang, Milagro Arivalo, Elisa Arivalo, Michael Perez, Marian Zurita, Ian Montija, Paola Montija, Lisette Soto, Jane Doe, and Victor Benitez be added as named defendant in this action pursuant to RPAPL §1311 and that the caption be amended to add Cheng Long, Han Zhang, Milagro Arivalo, Elisa Arivalo, Michael Perez, Marian Zurita, Ian Montija, Paola Montija, Lisette Soto, Jane Doe, and Victor Benitez in place of the "John Doe" defendants as party defendants to this action and the caption should be amended to read as follow:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X
Sanford Funding LLC,

|                        |              |                      |
|------------------------|--------------|----------------------|
|                        | Plaintiff,   | Index No. 709057/2021 |

-against-

143-30 Sanford Ave LLC, Vincent Garofalo, New York City Environmental Control Board, Commissioner of Labor State of New York, Thermal Profiles, Inc., Criminal Court of the City of New York, Department of Housing Preservation and Development of the City of New York, Cheng Long, Han Zhang, Milagro Arivalo, Elisa Arivalo, Michael Perez, Marian Zurita, Ian Montija, Paola Montija, Lisette Soto, Jane Doe, and Victor Benitez,

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM          INDEX NO. 709057/2021

NYSCEF DOC. NO. 160                                      RECEIVED NYSCEF: 08/15/2023

Defendants.

--------------------------------------------------------------X

**ORDERED, ADJUGED AND DECREED** that the Referee's Report of Frank Bruno, Jr., Esq., dated July 20, 2022, be and the same is, hereby in all respects ratified and confirmed; and it is further

**ORDERED, ADJUGED AND DECREED**, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the Queens County Supreme Court, on the courthouse steps of 88-11 Sutphin Boulevard Jamaica, NY 11435, at a day and a time designated by and under the direction of Frank Bruno, Jr., Esq. with offices at 69-09 Myrtle Avenue Glendale, NY 11385 and telephone number (718) 418-5000 who is hereby appointed Referee for that purpose, that said Referee give notice of the time and place of sale in accordance with RPAPL § 231 in newspaper Queens Daily Eagle ; and it is further

8900 Sutphin Blvd
Jamaicia NY 11435
(718-422-7409)

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM

NYSCEF DOC. NO. 160

INDEX NO. 709057/2021

RECEIVED NYSCEF: 08/15/2023

**ORDERED, ADJUDGED AND DECREED** that by accepting this appointment, the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to § 36.2(c) ("Disqualification from appointment" ) and § 36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

**ORDERED, ADJUGED AND DECREED** that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with part 36 of the Rules of the Chief Administrative Judge; and it is further

**ORDERED, ADJUGED AND DECREED** that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale; and it is further

6

**ORDERED, ADJUGED AND DECREED** that if the referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL § 1351 (1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

**ORDERED, ADJUGED AND DECREED** that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required: and it is further

**ORDERED, ADJUGED AND DECREED** that in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall be reoffered at auction; and it is further

7

**ORDERED, ADJUGED AND DECREED** that the referee shall then

deposit the down payment and proceeds of sale, as necessary, in

BANK    Flushing Bank
89-12 Sutphin Blvd _____ in his/her own name as referee, in accordance with
Jamaica NY 11435

CPLR 2609; and it is further

**ORDERED, ADJUGED AND DECREED** that after the property is

sold, the Referee shall execute a deed to the purchaser, in accordance with

RPAPL § 1353 and the terms of sale, which shall be deemed a binding

contract; and it is further

**ORDERED, ADJUGED AND DECREED** that, in the event a party

other than the Plaintiff becomes the purchaser at the sale, the closing of

title shall be held no later than 30 days after the date of such sale unless

otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUGED AND DECREED** that, if Plaintiff (or its

affiliate, as defined in paragraph (a) of subdivision 1 of section six-L of the

Banking Law) is the purchaser, such party shall place the property back on

the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation, proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

**ORDERED, ADJUGED AND DECREED** that the referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUGED AND DECREED**, that the referee then deposit the balance of said proceeds of sale in her/his own name as

BANK

Referee in ___Flushing Bank___ ___89-12 Sutphin Blvd.___ ___Jamaica NY 11435___, and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FILED: QUEENS COUNTY CLERK 08/15/2023 10:20 AM
INDEX NO. 709057/2021
NYSCEF DOC. NO. 160
RECEIVED NYSCEF: 08/15/2023

**FIRST:**     The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), in the sum of $750.00.  In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $ 350.00 _____ for each adjournment or cancellation, unless the Referee caused the delay;

Add'l Ref
Fee
J.S.C.

**SECOND:**  All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments or water rates have not become absolute, and any other amounts due in accordance with RPAPL § 1354 (2).  Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale.  The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment.  The Purchaser shall hold the Referee harmless for any such penalties or fees assessed;

**THIRD:**     The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said

10

FILED: QUEENS COUNTY CLERK 08/15/2023 10:20 AM          INDEX NO. 709057/2021
NYSCEF DOC. NO. 160                                      RECEIVED NYSCEF: 08/15/2023

Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

**FOURTH:** The Referee shall then pay to the Plaintiff or its attorney the following:

Amount Due per Referee's Report: $ 13, 263, 173.12 with Interest at the note rate from June 1,  2022          together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

cc

Costs and Disbursements: $ 2,944.38_____ adjudged to the Plaintiff for costs and disbursements in this action, as taxed by

11

the Clerk and inserted herein, with interest at the statutory judgment rate from the date of entry of this judgment;

Additional Allowance: $ -0- is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR article 83;

Attorney fees: $ -0- is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

**FIFTH:** Surplus monies arising from the sale shall be deposited with the Queens County Clerk by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM

NYSCEF DOC. NO. 160

INDEX NO. 709057/2021

RECEIVED NYSCEF: 08/15/2023

**ORDERED, ADJUGED AND DECREED** that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said referee, said referee shall not require Plaintiff to pay ~~in cash~~ the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and, "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

**ORDERED, ADJUGED AND DECREED** that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the

purchaser, not by the referee from sale proceeds, and that any transfer tax

shall be paid in accordance with Tax Law § 1404; and it is further

**ORDERED, ADJUGED AND DECREED** that if the sale proceeds

distributed in accordance with paragraphs "First'", "Second", "Third", and

"Fourth" above are insufficient to pay Plaintiff the Amount Due per the

Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may

seek to recover a deficiency judgment against 143-30 Sanford Ave LLC

and Vincent Garofalo  in accordance with RPAPL § 1371 if permitted by

law; and it is further

**ORDERED, ADJUGED AND DECREED** that the mortgaged property

is to be sold in one parcel in "as is" physical order and condition, subject to

any condition that an inspection of the property would disclose; any facts

that an accurate survey of the property would show; any covenants,

restrictions, declarations, reservations, easements, rights of way, and

public utility agreements of record, if any; any building and zoning

ordinances of the municipality in which the mortgaged property is located

and possible violations of same; any rights of tenants or persons in

14

FILED: QUEENS COUNTY CLERK 08/15/2023 10:28 AM
NYSCEF DOC. NO. 160

INDEX NO. 709057/2021
RECEIVED NYSCEF: 08/15/2023

possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR § 317, 2003 and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

**ORDERED, ADJUGED AND DECREED** that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

**ORDERED, ADJUGED AND DECREED** that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgage property; and it is further

15

**ORDERED, ADJUGED AND DECREED** that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the Queens County Clerk a report under oath of the disposition of the proceeds of the sale  in accordance with RPAPL § 1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

**ORDERED, ADJUGED AND DECREED** that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorney shall elect to make such application; and it is further

**ORDERED, ADJUGED AND DECREED** that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

16

**ORDERED, ADJUGED AND DECREED** that nothing shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL § 1307 and RPAPL § 1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

**ORDERED, ADJUGED AND DECREED** that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Action Surplus Monies form; and it is further

**ORDERED, ADJUGED AND DECREED** that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof; and it is further

ORDERED, that the Referee shall comply with the Eleventh Judicial District's Policies concerning Public Auctions of foreclosed properties, including the new policy authorizing remote bidding. If the Referee is unwilling or unable to comply with such provisions, including but not limited to the ability to accept wire transfers, the Referee shall notify the court immediately.  These policies, along with the Queens County Foreclosure Auction Rules, can be found on the Queens Supreme Court-Civil Term website.

17

Said property is commonly known as 143-30 Sanford Avenue Flushing, NY.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule "A".

**ENTER:**

Hon. Denis Butler, J.S.C.

**FILED & RECORDED**

8/15/2023, 10:26:39 AM

CLERK

COUNTY CLERK
QUEENS COUNTY

sg

18

## SCHEDULE A

### *(Description)*

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Sanford Avenue distant 155.295 feet easterly from the corner formed by the intersection of the southerly side of Sanford Avenue with the easterly side of Bowne Street as vested in the City of New York; and

RUNNING THENCE southerly at right angles to the southerly side of Sanford Avenue, 141 feet 1 1/2 inches;

THENCE easterly along a line forming an interior angle of 91 degrees 15 minutes with the last described course, 22 feet 4 1/2 inches;

THENCE southeasterly along a line which on its southwesterly side forms an exterior angle of 139 degrees 44 minutes 41 seconds with the last described course, 24 feet 3/8 of an inch;

THENCE northeasterly along a line forming an interior angle of 128 degrees 05 minutes 11 seconds with the last described course, 60 feet 7 3/4 inches;

THENCE still northeasterly along a line forming an interior angle of 180 degrees 31 minutes 40 seconds with the last described course, 50 feet 9 inches;

THENCE northerly again at right angles to the southerly side of Sanford Avenue 137 feet 10 1/2 inches to the southerly side of Sanford Avenue; and

THENCE westerly along the southerly side of Sanford Avenue, 150 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY:     Said premises also known as 143-30 Sanford Avenue, Flushing, NY 11355.

19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------X

Sanford Funding LLC,

                          Plaintiff,

            -against-

143-30 Sanford Ave LLC, Vincent Garofalo,
New York City Environmental Control Board,
Commissioner of Labor State of New York,
Thermal Profiles, Inc., Criminal Court of the
City of New York, Department of Housing
Preservation and Development of the City of
New York,

John Doe #1 through John Doe #20 (Said
names being fictitious, it being the intention of
Plaintiff to designate any and all occupants of
premises being foreclosed herein, including,
without limitation, tenants or other occupants
who may have some interest in or lien upon the
Premises subordinate to the lien of the Plaintiff's
mortgage sought to be foreclosed herein,

                        Defendants.

-----------------------------------------------------------------X

**COSTS OF PLAINTIFF**

Index No. 709057/2021

**Mortgaged Premises:**
143-30 Sanford Avenue

Flushing, NY
11355 Block: 5183
Lot: 20
County of Queens

MSQ #4

WITHIN COSTS TAXED ON/without NOTICE
AT $2,944.38
8/15/2023

COUNTY CLERK QUEENS COUNTY

## COSTS

Costs before Note of Issue- CPLR 8201 (1) ...................     $200.00

Allowance by statue-CPLR 8302 (a) (b) .....................     $150.00

       First $200.00 at 10%...........................$20.00
       Next $800.00 at 5%.............................$40.00
       Next $2,000.00 at 2%..........................$40.00

Next $5,000.00 at 1%..........................$50.00

Additional Allowance –CPLR 8302(d) …….……………….     $ 50.00
Discretionary costs on motion –CPLR 8303(a) (1) ………..     ~~$135.00~~

## **FEES AND DISBURSEMENTS**

| | | |
|---|---|---|
| Fee for index number -.………………….. | CPLR 8018(a) | $400.00 |
| Referee's fee to compute, per order of the court | CPLR8003(a) | $350.00 |
| Paid for searches- … | CPLR 8301(a) (10) | $544.38 |
| Serving copy of Summons and Complaint- | CPLR 8301(d) | ~~$1390.00~~ $1,030.00 |
| Reproduction costs.……………………………. | CPLR 8301(a)(6) | $0 |
| Fees for Publication of Summons.…………… | CPLR 8301(a) (3) | $0 |
| Certification of Copies of papers.……………. | CPLR 8301 (a) (4) | $0 |
| Request for Judicial Intervention ……………….. | CPLR 8020(a) | $95.00 |
| Clerk's fee for filing of Notice of Pendency… | CPLR 8021(a) (10) | $35.00 |
| Skip trace fees.………………………………….. | CPLR 8301(d) | $0 |
| Motion fees.…………………………………………. | CPLR 8020 (a) | $90.00 |
| Note of Issue ……………………………………….. | CPLR 8020 (a) | $0.00 |

Total ……     $2,944.38 ~~$3,439.38~~

## **ATTORNEY'S AFFIRMATION**

The undersigned, Jason Sackoor, Esq., pursuant to CPLR 2106 and under penalties of perjury affirms as follow:

That he is the attorney of record for the Plaintiff in the above-captioned action, that the foregoing disbursements have been incurred in this action and are reasonable in amount, and that the copies of documents or papers charged for herein were actually and necessarily obtained.

Dated:     Whitestone, New York
          October 5, 2022

Jason Sackoor, Esq.
Borchert & LaSpina, PC
Attorney for the Plaintiff
19-02 Whitestone Expressway,
Suite 302
Whitestone, New York 11357
(718) 767-3333