**MYC & ASSOCIATES, INC.**
Real Estate Broker to the Chapter 7 Trustee
1110 South Avenue, Suite 22
Staten Island, New York 10314
Telephone: (347) 273-1258

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                           Chapter 7

143-30 SANFORD AVE LLC,                                          Case No.: 23-43812-nhl

                   Debtor.
----------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF ENTRY OF AN ORDER CONFIRMING RESULTS OF THE SALE OF THE DEBTOR'S REAL PROPERTY AND IMPROVEMENTS LOCATED AT 143-30 SANFORD AVENUE, FLUSHING, NEW YORK 11355**

STATE OF NEW YORK          )
                                      ss:
COUNTY OF RICHMOND   )

VICTOR MONEYPENNY, being duly sworn, deposes and says:

      1.      I am shareholder of MYC & Associates, Inc. ("MYC"), which maintains its offices at 1110 South Avenue, Suite 22, Staten Island, New York 10314. I am a duly licensed real estate broker in the State of New York. I am fully familiar with the matters set forth in this Affidavit.

      2.      I submit this Affidavit in support of the request of Lori Lapin Jones, solely in her capacity as the Chapter 7 Trustee ("Trustee") of 143-30 Sanford Ave LLC ("Debtor"), for entry of an Order confirming the sale of the Debtor's real property and improvements located at 143-30 Sanford Avenue, Flushing, New York 11355 ("Property") to Sanford Funding LLC ("Sanford Funding").

      3.      By Order entered on May 24, 2024 ("Sale Procedures Order") [ECF No. 17], the Court approved, inter alia, a stipulation ("Sale Stipulation") among the Trustee, Sanford Funding LLC and Gerard A. Geisweller, Esq. ("Receiver") respecting the sale of the Property and

1

authorized the Trustee's public auction sale of the Property ("Sale").

4. By Order entered on May 29, 2024 [ECF No. 18], MYC was employed as real estate broker to the Truste to market and sell the Debtor's Property in accordance with the Sale Stipulation.

5. The Sale was originally noticed for June 25, 2024. In consultation with Sanford Funding, and consistent with the Sale Procedures Order, the Trustee adjourned the Sale to August 8, 2024. In connection with the adjournment, Sanford Funding agreed to fund up to $15,000 of additional out-of-pocket expenses of MYC to market the Property and Sale.

6. Between May 2024 and August 2024, MYC actively marketed the Property for sale by, among other things: (a) engaging a professional photographer to take interior, exterior and aerial photographs of the Property; (b) designing and disseminating an offering memorandum to potential interested purchasers; (c) creating and disseminating email campaigns to potential interested purchasers, including MYC's proprietary database; (d) listing the Property on various websites, including MYC's. MYC advertised the Property and the Sale digitally on multiple platforms, which included: (a) LoopNet, Inc. (https://www.loopnet.com), which had over 129,400 views; (b) The Real Deal (https://therealdeal.com/new-york/); (c) Commercial Observer (https://commercialobserver.com) and (d) New York Real Estate Journal (https://nyrej.com). MYC also communicated with the Receiver, assembled documents and information relating to the Property, and created a data room for potential interested purchasers to access documents and information relating to the Property. MYC received over 66 expressions of interest in the Property, and 8 non-disclosure agreements were executed by potentially interested purchasers. MYC conducted 7 tours of the Property.

7. To qualify to bid at the Sale, bidders (other than Sanford Funding) were required

to sign Terms and Conditions of Sale and to provide a $500,000 deposit to the Trustee by 5:00 p.m. on August 7, 2024. Sanford Funding was the only qualified bidder for the Sale.

8. On August 8, 2024 at approximately 11:00 a.m., I conducted the Sale by Zoom. The Trustee and her counsel, Sanford Funding and its counsel, Marc Yaverbaum (my colleague) and I were present at the Sale. Sanford Funding credit bid the sum of $3,000,000 for the Property. There were no other bids for the Property at the Sale.

9. The bid from Sanford Funding to purchase the Property is the highest and best offer received after marketing and a fair and open sale process.

10. To the best of my knowledge, Sanford Funding has not acted in a collusive manner with any person and the bid from Sanford Funding was not controlled by any agreement among bidders.

*/s/ Victor Moneypenny*
Victor Moneypenny

Sworn to me before this 13th day of August 2024

*/s/ Gina M. Maida*
Gina M. Maida
Notary Public, State of New York
No. 01MA0004423
Qualified in Richmond County
Commission Expires 03/29/2027