UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 7

143-30 SANFORD AVE LLC,                                  Case No.: 23-43812-nhl

                Debtor.
-----------------------------------------------------------x

**ORDER CONFIRMING RESULTS OF THE SALE OF THE DEBTOR'S REAL PROPERTY AND IMPROVEMENTS LOCATED AT 143-30 SANFORD AVENUE, FLUSHING, NEW YORK 11355**

Upon the Order dated May 24, 2024 [ECF No. 17] approving, inter alia, a stipulation ("Sale Stipulation")[1] among Lori Lapin Jones, solely in her capacity as the Chapter 7 Trustee ("Trustee") of 143-30 Sanford Ave LLC ("Debtor"), Sanford Funding LLC and Gerard A. Geisweller, Esq. respecting the sale of the Debtor's real property and improvements located at 143-30 Sanford Avenue, Flushing, New York 11355 ("Property") and authorizing, inter alia, a public auction sale of the Property; and upon the Notice To Creditors And Other Parties In Interest Of Chapter 7 Trustee's Intended Sale [ECF No. 20] and the related Affidavit of Service [ECF No. 23]; and upon the Amended Notice To Creditors And Other Parties In Interest Of Chapter 7 Trustee's Intended Sale [ECF No. 24] and the related Affidavit of Service [ECF No. 26]; and upon the public auction sale of the Property conducted on August 8, 2024 ("Sale"); and upon that portion of the Trustee's motion ("Motion") [ECF No. 9] seeking entry of an order pursuant to sections 105 and 363 of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) approving the sale of the Property pursuant to sections 363(f), (m) and (n) of the Bankruptcy Code; and (ii) approving and granting such other, further and different relief as this Court deems

---
[1] Unless otherwise defined herein, capitalized terms shall have the same meanings ascribed to them in the Sale Stipulation.

just and proper; and upon the Affidavit of Victor Moneypenny ("Affidavit") [ECF No. 33], a principal shareholder of the Trustee's retained real estate broker, MYC & Associates, Inc. ("MYC"), in support of entry of an Order, inter alia, confirming the results of the Sale of the Property to Sanford Funding LLC for the credit bid of three million dollars ($3,000,000) ("Purchase Price") to cover the Lender Sale Carve-Out (as defined in paragraph 14 of the Sale Stipulation); and a hearing having been conducted on August 14, 2024 ("Hearing"), at which appeared J. Ted Donovan (Counsel to Sanford Funding), and Holly R. Holecek (Counsel to Trustee); and upon the record of the Hearing, the transcript of which is incorporated by reference herein; and upon the Declaration of Good Faith Purchaser filed on behalf of Sanford Realty Management LLC [ECF No. 35]; and no additional notice or hearing being required, **THE COURT FINDS AND DETERMINES THAT**:[2]

A. Proper, timely, adequate and sufficient notice of the Sale of the Property was provided in accordance with sections 102 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 6004.

B. Creditors, parties-in-interest and other entities were afforded a reasonable opportunity to bid on the Property.

C. The marketing process implemented by the Trustee and MYC, as set forth in the Affidavit and at the Hearing, was fair, proper, complete and reasonably calculated to result in maximizing value of and bids for the Property.

D. The offer from Sanford Funding LLC to purchase the Property for the Purchase Price ("Bid") is the highest and best offer received by the Trustee after marketing and a fair and open sale process and, in fact, was the only offer received by the Trustee at the Sale.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. See FED. R. BANKR. P. 7052.

E. Following the Sale, Sanford Funding LLC exercised its right under paragraph 14 of the Sale Stipulation to assign its Bid and Sanford Funding LLC did assign its Bid to Lev Wolkowicki, who is the sole member of Sanford Realty Management LLC ("Designee");

F. The sale to Sanford Funding LLC or its Designee is an arm's-length transaction entered into by the Trustee and Sanford Funding LLC or its Designee without collusion, in good faith and from arm's-length bargaining positions.

G. Sanford Funding LLC and its Designee have not acted in a collusive manner with any person and the Purchase Price was not controlled by any agreement among bidders.

H. In the absence of a stay pending appeal prior to the closing, Sanford Funding LLC or its Designee will be acting in good faith pursuant to section 363(m) of the Bankruptcy Code in closing on the sale of the Property after the entry of this Order.

I. Sanford Funding LLC and its Designee (hereinafter, "Purchaser") are each a good faith purchaser of the Property within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all the protections afforded thereby.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Pursuant to sections 363(b), (f) and (m) of the Bankruptcy Code, the Trustee is authorized to sell the Property to the Purchaser for the Purchase Price in accordance with the Sale Stipulation.

2. The Purchaser must close title to the Property within thirty (30) days from the entry of this Order, TIME BEING OF THE ESSENCE as to the Purchaser, although such date may be extended solely by the Trustee.

3. The Property shall be sold to the Purchaser: (a) "AS IS" "WHERE IS", "WITH ALL FAULTS," without any representations, covenants, guarantees or warranties of any kind or

nature whatsoever; (b) free and clear of any and all monetary interests of whatever kind or nature including, but not limited to, liens, claims, encumbrances, monetary fines or penalties for violations, judgments and/or mortgages (collectively, "Interests"), with such Interests, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the entry of the Order for Relief against the Debtor; and (c) subject to, among other things: (i) any occupancies and/or tenancies; (ii) any state of facts that an accurate survey may show; (iii) any state of facts a physical inspection may show; (iv) any covenants, restrictions and easements of record; (v) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (vi) environmental conditions; and (vii) the conditions giving rise to any and all non-monetary violations existing on the Property as of the Closing Date.

4. If the Purchaser closes on the sale of Property at any time on or after the entry of this Order, the parties shall be entitled to the protections of section 363(m) of the Bankruptcy Code on appeal, provided further that the purchase of the Property by the Purchaser constitutes a good faith purchase for fair value within the meaning of section 363(m) of the Bankruptcy Code.

5. The sale of Property approved by this Order is not subject to avoidance under section 363(n) of the Bankruptcy Code.

6. Each and every federal, state and local government agency or department is directed to accept any and all documents necessary and appropriate to consummate the sale of Property outlined herein, and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording.

7. Nothing contained in this Order shall modify the terms of the Sale Stipulation including, but not limited to, the obligation of Sanford Funding LLC to fund the entire Lender Sale Carve-Out in exchange for the delivery of a Trustee's Deed for the Property to the

Purchaser, and nothing contained herein shall be a waiver of any of the Trustee's and estate's rights under the Sale Stipulation.

8.  This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.



Dated: November 8, 2024
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge