UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 7

143-30 SANFORD AVE LLC,                                   Case No.: 23-43812-nhl

              Debtor.
---------------------------------------------------------x

## ORDER APPROVING THE EMPLOYMENT OF JOSEPH A. BRODERICK, P.C. AS ACCOUNTANTS FOR THE CHAPTER 7 TRUSTEE

Upon the application ("Application") of Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of 143-30 Sanford Ave LLC ("Debtor") seeking entry of an Order, pursuant to 11 U.S.C. § 327 ("Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure, authorizing and approving the employment of Joseph A. Broderick, P.C. ("Broderick"), as the Trustee's accountants in this bankruptcy case; and upon the Affidavit of Joseph A. Broderick, CPA in support of the Application; and the Court being satisfied that: (i) Broderick does not hold or represent an interest adverse to the Trustee, the Debtor, or the Debtor's estate; (ii) Broderick is a "disinterested person" within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code; and (iii) the employment of Broderick is necessary and in the best interests of the Debtor's estate; and no hearing being necessary; and sufficient cause appearing therefore; it is

**ORDERED** that, in accordance with section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ Broderick as her accountants effective as of February 25, 2025; and, it is further

**ORDERED** that Broderick shall be compensated in accordance with, and will file interim and final fee applications for allowance of its compensation and expenses, which will be

subject to notice and a hearing, and shall be subject to sections 330 and 331, of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law; and, it is further

**ORDERED** that, prior to any increases in Broderick's rates for any individual employed by Broderick and providing services in this case, Broderick shall file a supplemental affidavit with the Bankruptcy Court and provide ten business days' notice to the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and, it is further

**ORDERED** that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**NO OBJECTION:**
**UNITED STATES TRUSTEE**
**WILLIAM K. HARRINGTON, REGION 2**

By:/s/ *Nazar Khodorovsky, Esq.*
Nazar Khodorovsky,
Trial Attorney
Dated: New York, New York
      February 28, 2025

Dated: March 10, 2025
    Brooklyn, New York



_____
Nancy Hershey Lord
United States Bankruptcy Judge